## Forney's Estate. Forney's Appeal.

*Trusts and trustees—Will—Revocation of trust.*

Where a testator creates a trust by his will conveying all of his property, but before his death sells some of the property mentioned in the will, the court will enforce the trust as to the remainder as far as circumstances will permit.

*Trusts and trustees—Spendthrift trust—Active trust.*

Testator directed that the shares of his daughters should be held by his trustees during their natural lives, with remainder to their children "without the same, either principal or interest, being in any manner or under any circumstances or any form of proceeding subject to or liable for the present or any future debts, contracts or engagements either of themselves or of any husbands they may now or any time hereafter respectively have, the interest and income alone of said shares to be paid to them respective-

ly, and their respective receipts alone from time to time as the same may become due and payable, and not by way of anticipation, to be sufficient discharge for the same." *Held,* that the trust was an active one.

Argued Jan. 26, 1894.  Appeal, No. 160, Jan. T., 1894, by Elizabeth M. Forney, widow, Mary M. Forney et al., children, from decree of O. C. Phila. Co., April T., 1890, No. 525, distributing estate of John W. Forney, deceased.  Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Affirmed.

Exceptions to adjudication of executor's account.

The following adjudication was filed by HANNA, P. J.:

" The testator died December 9, 1881, having first made his last will and testament, dated July 4, 1874, duly proved December 20, 1881, and letters testamentary thereon were granted the same day, to his son-in-law, William W. Weigley, and his son, James Forney, the executors therein named.

" By his said will testator first directed payment of his debts, funeral expenses, etc.  He then bequeathed to his wife all his household furniture, pictures, plate and private library, etc. By the fourth item thereof he declared that, as the principal part of his estate is composed of the stock, good will, fixtures, material and machinery, with the real estate and premises at the southwest corner of Seventh and Chestnut streets, in this city, occupied and employed in the business of ' The Press ' newspaper; and as he had by his personal exertions and enterprise founded, established and carried on said business successfully, and as he had a strong desire that said newspaper should be continued and carried on in connection with his name and estate, until it should be firmly established upon an independent basis and free from liabilities, he devised and bequeathed all the residue of his estate, real and personal, to his executors, in trust, to carry on, conduct and manage, in their discretion, the business of ' The Press ' newspaper, and manage and control the real estate at the southwest corner of Seventh and Chestnut streets, and the net rents, issues and profits therefrom to apply and dispose of as directed by the will.

" Testator further directed that his trustees ' shall have full power and authority in the management of said business and real estate, to let and demise such portions of said real estate

from time to time as they may not consider necessary for the direct uses and purposes of said business,' etc.

"The testator having sold and disposed of 'The Press' newspaper during his lifetime, it is unnecessary now to further refer to the provisions of the will respecting the carrying on by his trustees of the business of publishing and conducting said newspaper after his death.

"He retained, however, the real estate and premises at the corner of Seventh and Chestnut streets, in which the office, press rooms, etc., of said newspaper were located.

"By the sale of the newspaper the directions of the will relative to the appropriation of the income to be derived therefrom by his trustees, toward the payment of testator's debts, and the mortgages upon his said real estate, became inoperative and need not be now referred to.

"And by reason of the incumbrances against said real estate, payment of interest thereon, taxes, repairs, etc., it became impracticable for the trustees to make a similar appropriation of the income derived from the said real estate, which was also directed by the will.

"Notwithstanding the sale of his newspaper, testator made no alteration of his will, which by the ninth item contained the following provision, viz. :

"'At the end of ten years from my decease, my hope and reasonable expectation is, that all my debts and liabilities, including the mortgages on my said real estate at the southwest corner of Seventh and Chestnut streets, will have been fully paid and discharged, but whether my expectations be realized or not, my will is and I hereby direct that my said trustees shall at the expiration of said ten years, sell and dispose of all the said rest, residue and remainder of my said estate, in such manner either as a whole or in any part or parts, and either at public or private sale, upon such terms whether for cash or on credit, or partly for cash and partly on credit, and to such person or persons, as to them shall seem best and most expedient, . . . . and to make final distribution of the whole of my said estate then in their hands; and I hereby give, devise and bequeath the same as follows, to wit:

"'Such portion thereof as may consist of the proceeds of personalty, and of rents, issues, profits and income, one third

to my said dear wife absolutely, and the remaining two thirds thereof absolutely, together with the whole of such portion of my said estate, as it shall then be in the hands of my said trustees, as shall consist of the proceeds of realty, subject to the life interest of my said dear wife in one third part thereof, to my child or children then (at the end of ten years from my decease) living, and the issue of any who may then be dead,' etc.

" Testator further directed that the share of his son, John W. Forney, Jr., and of his daughters, Mary S. F., Annie H. and Mary M., shall be held in trust for them respectively, by his trustees, during their natural lives, with remainder to their children ' without the same, either principal or interest, being in any manner, or under any circumstances, or under any form of proceeding subject to or liable for the present or any future debts, contracts or engagements, either of themselves or of any husbands . . . . the interest and income alone of said shares to be paid to them respectively, and their respective receipts alone, from time to time, as the same may become due and payable, and not by way of anticipation, to be sufficient discharge for the same.'

" By the fourteenth item of his will, testator directed ' that whenever, under any circumstances and in any contingency that may arise ' the rest and residue of his estate may be sold, either under any directions in his will or otherwise, ' any of the parties in interest,' including his executors and trustees, shall have power and authority ' to purchase the same or any part thereof, any rule of law to the contrary thereof in any wise notwithstanding.'

" By the twentieth item he bequeathed to his sister, Susan C. Forney, one thousand dollars annually, during her life, to be paid to her quarterly."

The court held the trust active and decreed distribution accordingly.

Exceptions to the adjudication were dismissed by the court without opinion filed.

*Errors assigned* were dismissal of exceptions, quoting them.

*S. Davis Page, F. Carroll Brewster* with him, for appellants, cited: Cooper's Estate, 4 Pa. 88 ; Lancashire v. Lancaster, 5

T. R. 49 ; Sterrett v. Burd, 1 Whart. 250 ; Balliet's Ap., 14 Pa. 451; Woodburn's Ap., 151 Pa. 586 ; McConnell v. Wright, 150 Pa. 275 ; Dodson v. Ball, 60 Pa. 493; Potts' Ap., 30 Pa. 170 ; Price v. Taylor, 28 Pa. 95; Ringe v. Kellner, 99 Pa. 460 ; Neale's Ap., 104 Pa. 214; Wells v. McCall, 64 Pa. 207 ; McBride v. Smyth, 54 Pa. 245 ; Wogan v. Small, 11 S. & R. 141.

*W. Horace Hepburn*, for James Forney, appellee, cited : Marshall v. Marshall, 11 Pa. 430 ; Balliet's Ap., 14 Pa. 451 ; Zimmerman v. Zimmerman, 23 Pa. 380 ; Wogan v. Small, 11 S. & R. 141 ; Clarke's Est., 82 Pa. 528 ; Act of April 8, 1833, 2 Purd. 1711, § 16, P. L. 250 ; Clark v. Morrison, 25 Pa. 453 : Williams's Ap., 83 Pa. 377 ; Dunn & Biddle's Ap., 85 Pa. 98 ; Ash's Ap., 80 Pa. 497 ; Earp's Ap., 75 Pa. 119.

*Samuel C. Perkins*, for W. W. Weigley, appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 23, 1894 :

The solution of the questions involved in this case is plain. In making his will, the testator had the twofold purpose of providing (1) for the administration and management of his estate ; and (2) the maintenance of his family.   The character and condition of his estate furnish sufficient reasons for the first purpose.   It consisted mainly of the " Press " and " Press Building," which required competent handling in order to meet testator's very large indebtedness, and at the same time maintain his family.   It is conceded that if he had not sold the " Press " the trust created would have been valid ; but it is insisted that that act operated as a revocation of the will in toto.   The conduct of the " Press " was no doubt a strong inducement to the creation of the trust ; but it was only part of his scheme.

The scheme was modified to that extent ; but there were still active duties to be performed.   Assets must be collected and a still large indebtedness paid in accordance with the declared purpose of the testator.   If the trust was valid when created, it must continue operative until his scheme has been fully carried out.   This principle is distinctly recognized in both Cooper's Estate, 4 Pa. 88, and Balliet's Appeal, 14 Id. 451, upon which appellants seem mainly to rely.   Thus it was said in the former : "This is not a case where a testator having him-

self sold a part of his estate previous to his death, left sufficient remaining to carry his intention into effect except so far as he had anticipated that intention by arrangements of his own.    In such case, a sale of land operates only pro tanto."    So in Balliet's Appeal it was said: "In this case part only of the property devised and bequeathed is disposed of: consequently, those parts of the will which remain are untouched.    There is no impossibility, as in Cooper's Estate, 4 Barr, 88, to give effect to the disposition of the will."    So there was no impossibility here to finish the purpose of this testator.    There is scarce a case in which the circumstances of the testator have not, in some respect, changed materially between the date of the will and its operation ; and few trusts would survive the application of the doctrine for which appellants contend.    Fortunately the policy of the law is to carry out testamentary intention so far as it is possible.    If there cannot be whole, there may be partial execution.    When Mr. Forney sold the "Press," he disposed of part only of the subject in anticipation of the performance of one of the duties which he had imposed on his trustees, and to that extent rendered the will inoperative ; but enough remained to sustain and require the continuance of the trust.

The trusts declared for testator's daughters fall clearly within the principle of Dunn's Appeal, 85 Pa. 98.    The bequest is in trust for their " natural lives," " the interest and income alone " of their shares to be paid to them respectively whether covert or discovert.    The intention is clearly indicated to protect them, not only against their own acts but as against any husband they may respectively have, present or future.    The trust was therefore active.

It follows therefore that the conclusions reached by the learned court below and the distribution of May 20, 1893, are substantially correct, and the decree should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by the appellants.