# O'Malley, Appellant, *v.* Loftus.

*Will—Devise—Life estate.*

Testator by his will directed as follows: "I give and bequeath to my son—Frank. on his reaching the age of twenty-one years. a lot of land being number twenty on Lackawanna avenue in the Eighth ward said City of Scranton together with all improvements thereon. also a lot of land on Jefferson avenue said city being number nineteen (19) Block, 73

in the ninth ward. with all improvements thereon. to have and to hold the same for and during his natural life. and at his death I give and bequeath the same to his next nearest blood relations. share and share alike." All parts of the will were badly punctuated; and in another clause apt words were used to give an estate in fee. *Held,* that the son took only a life estate in the Lackawanna avenue lot.

Argued Feb. 24, 1908. Appeal, No. 241, Jan. T., 1907, by plaintiffs, from judgment of C. P. Lackawanna Co., Sept. T., 1906, No. 1,389, for defendant on case stated in suit of P. J. O'Malley and Genevieve M. O'Malley v. John J. Loftus. Before FELL, BROWN, MESTREZAT, POTTER and STEWART, JJ. Affirmed.

Case stated to determine marketable title to real estate. Before EDWARDS, P. J.

The facts are stated in the opinion of the Supreme Court.

The court entered judgment for defendant on the case stated.

*Error assigned* was in entering judgment for defendant on the case stated.

*Charles P. O'Malley,* with him *E. N. Willard, Everett Warren* and *Henry A. Knapp,* for appellants.

No paper-book filed for appellee.

PER CURIAM, March 16, 1908:

The decisive question in this case is whether Frank McCann took a fee to lot No. 20 on Lackawanna avenue, under the following clause of his father's will: "Eighth. I give and bequeath to my son—Frank. on his reaching the age of twenty-one years. a lot of land being number twenty on Lackawanna avenue in the Eighth ward said city of Scranton together with all improvements thereon. also a lot of land on Jefferson avenue said city being number nineteen (19) Block, 73 in the ninth ward. with all improvements thereon. to have and to hold the same for and during his natural life. and at his death I give and bequeath the same to his next nearest blood relations. share and share alike."

The seventh clause of the will devising land to another son is in the same words, except the name of the devisee and the description of the property devised. It was construed in Mc-Cann v. McCann, 197 Pa. 452, and it was held that the words, " next nearest blood relations," as used by the testator, did not mean heirs generally, and that only a life estate was given. The land in question in that case, as in this, was that devised by the first part of the clause, but the only question raised by the appeal related to the application of the rule in Shelley's Case. It is now argued that the devise of the Lackawanna avenue lot, ending with the word " thereon," followed by a period, was complete in itself and passed the fee, and that the limitation over at the end of the clause applied only to the Jefferson avenue lot.

But it is evident that no reliance whatever can be placed on the punctuation of the will as indicating the intention of the testator. Throughout the whole will periods are used where commas should have been used, and in very many cases they are used where no punctuation was required. In other parts of the will apt words to devise a fee are used, and the construction contended for would defeat the evident intention of the testator. On this subject it was said by the learned judge of the common pleas : " The devise to Frank McCann of lot 20, on Lackawanna avenue, is without words of inheritance, although the testator in paragraphs 3 and 4 used apt words to convey a fee simple estate. According to paragraph 4 the wife is given a life estate in the homestead, but at her death the property is devised to her daughter ' absolutely to herself and her heirs and assigns forever.' We find the same words used in paragraph 3. If the testator intended to give a fee simple estate to his children in the properties mentioned in the other paragraphs, is it not reasonable to conclude that he would have used words of inheritance, as he had already done in paragraphs 3 and 4 ? It is true that words of inheritance are not necessary to carry a fee rather than a life estate ; but this provision of the act of assembly is of no avail if it ' appears by a devise over or by words of limitation or otherwise that the testator intended to devise a less estate.' "

The judgment is affirmed.