## Lefebvre, Appellant, *v.* D'Arcy.

*Will—Construction—Partial intestacy—Particular and general intent—Contradictory clauses.*

1. A will must be so construed as to avoid a partial intestacy unless the contrary be unavoidable.

2. In construing a will regard must be had to its whole scheme, and if it is found that a particular intent is inconsistent with a general intent, the former must give way to the latter.

3. While the first of two contradictory clauses in a will must give way, and the last must take effect, the rule does not take effect unless the two clauses refer to the same subject matter, and the last is clearly inconsistent with the first.

4. Testator devised five dwelling houses particularly described, to his daughter for life, and after her death he gave the real estate devised to his daughter for life "to be divided between my two grandchildren" who were a son and daughter of the daughter to whom the devise was made for life. In a later clause in the will the testator proceeded to say that of the five properties devised to his daughter, three of them, particularly described, were to go to his granddaughter, and without again mentioning in any other portion of his will the other two properties, he subsequently directs that upon the death of his daughter, three other properties, which he mistakenly says he had given to her for life are to go to his grandson. *Held,* that the grandson and the granddaughter after the death ot their mother could make a good title to the two properties not particularly mentioned after the original devise to the testator's daughter for life with remainder to the two grandchildren.

Argued March 20, 1912. Appeal, No. 102, Jan. T., 1912, by plaintiffs, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1911, No. 5059, for defendant on case stated in suit of Anna M. Lefebvre, et al., v. Joseph

D'Arcy.   Before FELL, C. J., BROWN, POTTER, ELKIN
and STEWART, JJ.   Reversed.

Case stated to determine marketable title to real estate.   Before RALSTON, J.

The facts are stated in the opinion of the Supreme
Court.

*Error assigned* was in entering judgment for defendant on case stated.

*John F. Gorman* and *William Gorman,* for appellants.—In the construction of a will the general intention prevails over the particular: Hitchcock v. Hitchcock, 35 Pa. 393; Law v. Douglass, 107 Iowa 606 (78
N. W. Repr. 212).

No intention of the testator to die intestate as to a
part of his estate can be presumed when his words as
found in the will can fairly be construed to dispose of
the whole of it: Ferry's Appeal, 102 Pa. 207; Boies's
Est., 177 Pa. 190.

Clauses are not considered repugnant when they are
not totally inconsistent and when effect may be given
to both by considering one as a modification of the intention expressed in the other: Urich's App., 86 Pa.
386; Jones v. Strong, 142 Pa. 496; Ferry's App., 102 Pa.
207; Sheetz's App., 82 Pa. 213.

The presumption is also against partial intestacy:
Ferry's Appeal, 102 Pa. 207; Anspach & Stanton's Appeal, 112 Pa. 27; Boards of Missions of United Presbyterian Church's Appeal, 91 Pa. 507; Axford's Est., 11
Phila. 145.

*William I. Stanton,* for appellee., cited: Espy's Estate, 207 Pa. 459; Duffield v. Morris, 8 W. & S. 348;
Burford v. Burford, 29 Pa. 221.

OPINION BY MR. JUSTICE BROWN, April 29, 1912:

The narrow question raised on this appeal is whether, under the will of John Blackburn, the material parts of which appear in the case stated, his two grandchildren, Charles E. Lefebvre and Charlotte L. Burwell, took an estate in remainder in properties Nos. 24 and 26 Benton (now South Hicks) street, Philadelphia. The testator gave a life estate in them to his daughter, Anna M. Lefebvre, the mother of his said grandchildren, and she and they entered into an agreement to sell them to the appellee; but, on the case stated to determine whether they could give a good title, the court below held that, as to the remainder, the testator had died intestate. The clause by which he gave a life estate to his daughter is as follows: "I give, devise and bequeath unto my daughter (Anna M. Lefebvre) my dwelling house in which I now reside Situate on the West side of Twenty first Street on the Square between Race and Vine Streets in the City of Philadelphia (number 232) and I also give, devise and bequeath to my said daughter (Anna M. Lefebvre) my four three story contiguous brick messuages situate on the west side of Benton Street and north side of Melloy Street between Market and Chestnut Streets in the City of Philadelphia aforesaid being numbers Twenty-four, Twenty-six and Twenty-eight Benton Street and Number Fifteen hundred and fifteen Melloy Street. To have and to hold all and singular the premises hereby devised unto my said daughter for and during all the term of her natural life." In unambiguous words the testator, by a subsequent clause of his will, gave the properties in dispute to the two children of his daughter Anna. The devise to them is as follows: "From and after the decease of my daughter Anna M. Lefebvre in this (my will) hereinbefore specially mentioned I give, devise and bequeath unto my grandchildren (to wit) Charlotte B. Lefebvre hereinafter by me in this my said will called by her pet name (Lottie B. Lefebvre) by which

pet name she was called in her early childhood and by which name she still is called by her nearest relatives and most intimate friends and Charles Edward Lefebvre children of my said daughter (Anna M. Lefebvre) all the rest, residue and remainder of the several parts of my estate (both Real and Personal) by me in and by my said will devised and bequeathed unto my said daughter (their mother) for and during the term of her natural life to be divided between my two grandchildren aforesaid." If the testator had stopped here, no question could be raised as to the title of the grand-children as remaindermen, and their deed, joined in by their mother as the life tenant, would pass whatever title their grandfather had in the properties. But the contention of the appellee, sustained by the court below, is that, from what follows in the will, the testator must be regarded as having died intestate as to Nos. 24 and 26 Benton street. In determining whether this contention ought to be sustained, certain rules are to be kept in mind. One of them is that a will must be so construed as to avoid a partial intestacy, unless the contrary be unavoidable: Board of Missions of ¡United Presbyterian Church's Appeal, 91 Pa. 507; Boies's Est., 177 Pa. 190. Another is that, in construing a will, regard must be had to its whole scheme, and if it is found that a particular intent is inconsistent with a general intent, the former must give way to the latter: Ferry's Appeal, 102 Pa. 207; Jones v. Strong, 142 Pa. 496. "While there is no doubt that of two contradictory clauses in a will the first must give way, and the last must take effect, yet the two clauses must refer to the same subject-matter, and the last must be clearly inconsistent with the first. If the main provision plainly covers the whole subject, and is defined in terms that exclude all doubt, and the subsidiary provision may by conjecture be made either general or partial, and may be capable by construction either of subverting entirely or of modifying only the original gift, such a subsidiary

provision must in the ordinary case be confined to its partial and restricted operation. It is said in 1 Redfield on Wills *438, that 'plain and distinct words are only to be controlled by words equally plain and distinct.' Such words, to have a controlling effect, must at least possess a definite and certain meaning. The clearly-expressed purpose of a testator is not to be overborne by modifying directions that are ambiguous and equivocal, and may justify either of two opposite interpretations. Such directions are to be so construed as to support the testator's distinctly announced main intention": Sheetz's Appeal, 82 Pa. 213.

The intent of the testator, as it appears in the above quoted clause of his will relating to his grandchildren, is plain. It is that his residence and properties Nos. 24, 26 and 28 Benton street and 1515 Melloy street, after having been enjoyed by his daughter for life, are, upon her death, "to be divided between" her two children. Is there anything that follows this clearly expressed intention that requires it to be struck down, creating an intestacy as to the two properties in dispute? After directing that the properties given to his daughter for life shall be divided between her children after her death, the testator proceeds to say that of the five properties devised to his daughter, three of them— his residence, No. 28 Benton street and No. 1515 Melloy street—are to go to his granddaughter Charlotte, and, without again mentioning in any other portion of his will Nos. 24 and 26 Benton street, he subsequently directs that, upon the death of his daughter, three other properties, which he mistakenly says he had given to her for life, are to go to his grandson Charles Edward. This is all to which the appellee can point as showing an intestacy as to Nos. 24 and 26 Benton street. Nowhere in the will is a word to be found indicating any change of the clearly expressed general intention of the testator that, upon the death of his daughter, the five properties given to her for life should be di-

vided between his two grandchildren.   He manifestly did not intend an intestacy as to any portion of his estate, and in the devise to his grandson Charles, nothing appears which is irreconcilable with his clearly expressed intention that Nos. 24 and 26 Benton street should go to him and his sister upon the death of their mother.   She and they can, therefore, convey to the appellee whatever title the testator had.

The judgment is reversed and is entered here for the appellants for $18,000, with costs.