## Rudman's Estate.  Browne's Appeal (No. 2).

*Wills—Personal property—Life estates—Construction—Intention.*

1. The court is bound to give effect to every word in a will without change or rejection, if any effect can be given not inconsistent with the general effect of the whole instrument.

2. Where a testatrix left her residuary estate in trust to "divide and pay over the same......subject to my directions as hereinafter mentioned......and to pay unto my several heirs the interest and income, according to their respective shares as follows, viz: To a daughter two thousand dollars, the interest or income to be paid to her, during her natural life and immediately after her decease the principal sum or income thereof to be paid to my niece......during her lifetime, in the event of her death to be equally divided between my nieces (naming them)," the gift of the principal sum or the income thereof to the first niece during her lifetime is properly construed to be a gift of a life estate in the fund.

Argued Jan. 8, 1914. Appeal, No. 253, Jan. T., 1913, by Carlotta H. Browne, from decree of O. C. Philadelphia Co., July T., 1911, No. 342, sustaining exceptions to adjudication in estate of Alexina B. Rudman, deceased. Before FELL, C. J., BROWN, MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the facts.

The court sustained the exceptions in an opinion filed by DALLET, P. J.

*Errors assigned* were in sustaining the exceptions.

*Harvey Gourley,* with him *John W. Brock, Jr.,* and *Henry S. Cattell,* for appellant.

*I. Hazleton Mirkil,* with him *Franklin L. Lyle,* for appellee.

OPINION BY MR. JUSTICE MOSCHZISKER, February 23, 1914:

The question involved is: "Whether under the will of the decedent the principal sum of $2,000 should be paid unto the appellant, Carlotta H. Browne, absolutely, or only the income thereof during her life-time."

Alexina B. Rudman died June 17, 1910, leaving a will

wherein she devised her residuary estate in trust to "divide and pay over the same subject to my directions as hereinafter mentioned......and to pay unto my several heirs the interest and income, according to their respective shares as follows, viz: To Victoria A. Browne two thousand dollars, the interest or income to be paid to her, during her natural life, and immediately after her decease, the principal sum or income thereof to be paid to my niece Carlotta H. Browne, during her lifetime, in the event of her death to be equally divided between my nieces Emma R. Allmendinger and Bertha R. Browne."

The appellant claims the fund absolutely; but the court below decided that she took only a life-interest, stating, "We construe this testatrix's will as giving 'principal sum' of $2,000, after the death of Victoria A. Browne, to Carlotta H. Browne, upon the entry by her of security for the protection of the remainder interests ......, or the 'income' thereof to Carlotta H. Browne, in the event that the fund is paid to a trustee. No other interpretation would give effect to the words 'during her life-time,' and those words qualify the testatrix's gift to Carlotta H. Browne......The court is bound to give effect to every word without change or rejection, if any effect can be given not inconsistent with the general effect of the whole instrument......It is quite true ......that the phrase, 'in the event of her death,' if it followed an absolute gift in the first instance would be construed to refer to death in the life-time of the testator or prior beneficiary......; but in this case it follows a restricted gift and if interpreted literally does not conflict with the words limiting the estate of Carlotta H. Browne, to a life-estate." The court accordingly awarded the fund to Carlotta H. Browne "during her life upon her entering security......to protect the remainder interests"; and further ordered that upon·a failure to enter security, the fund should be held by a trustee under the will of Alexina B. Rudman, in trust,

"to pay the net income thereof to Carlotta H. Browne during her life......"

We are not convinced of error in the construction placed upon this will by the court below, and we feel that the award is amply vindicated in the above excerpt from the opinion of its learned president judge.

The assignments of error are overruled, and the decree is affirmed at the cost of the appellant.