# Moyer's Estate.

*Wills—Construction of—Rules of grammar—Intention—Intestacy—Surplusage.*

1. While the rules of grammar are to be considered in construing a will, they are of little or no moment if they conflict with the testator's intention, as appearing in the language used by him.

2. An interpretation will not be adopted, if it results in an intestacy, unless such a conclusion is unavoidable.

3. Unless no other conclusion is reasonably possible, an interpretation will not be adopted which makes any of the provisions of a will mere surplusage.

Argued March 3, 1924. Appeals, Nos. 45 and 46, Jan. T., 1924, by Anna Heck and J. Linnington Moyer, children of testator, from decree of O. C. Berks Co., Sept. T., 1922, No. 65, dismissing exceptions to adjudication, in estate of Jacob L. Moyer, deceased. Before MOSCH-ZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication.   Before Schaeffer, P. J.
See 15 Berks Co. L. J. 150.

The opinion of the Supreme Court states the facts.

Exceptions dismissed.   Anna Heck and J. Linnington
Moyer, children of testator, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Joseph R. Dickinson*, with him *Fred A. Marx*, for ap-
pellants.—The fund distributed was not distributed as a
trust fund created by the express direction to sell real
estate, if the children "deem it advantageous." The
court below properly held that the children did not re-
quest a sale and the trust created on that contingency
had not risen: Penn-Gaskell's Est., 208 Pa. 346; Stin-
son's Est., 232 Pa. 218.

If there is a trust estate, then the fund was improperly
distributed: Jones v. Cable, 114 Pa. 586; Goldstein v.
Hammell, 49 Pa. Superior Ct. 39; Kerr v. Verner, 66
Pa. 326.

There was no devise of the properties or trust created
in relation thereto to extend beyond the death of the
widow, and the testator died intestate as to the fee: Mc-
Mullen v. McMullen, 8 Watts 236; McBride v. Smyth,
54 Pa. 245; Echternacht's Est., 5 Pa. Dist. R. 298.

The heir-at-law is not to be disinherited except by ex-
press words or necessary implication: Bender v. Die-
trick, 7 W. & S. 284; Sloan v. Hanse, 2 Rawle 28;
Hitchcock v. Hitchcock, 35 Pa. 393; Rupp v. Eberly,
79 Pa. 141; Faulstich's Est., 154 Pa. 188.

*Henry Maltzberger*, with him *J. Wilmer Fisher*, for
appellees.—It was the intention of the testator to create
a trust for each of his children, under which the income
was to be paid to the child during the life of the child,
and, upon his or her death, the principal or corpus was
to go to the children of the child: Strickler's Est., 250

Pa. 105; Owens v. Naughton, 23 Pa. Superior Ct. 639; Osborne v. Soley, 81* Pa. 312.

The rule of construction that the heir-at-law is not to be disinherited except by express words or necessary implication, is not applicable in the present case. The rule that a testator is presumed to intend to dispose of his whole estate, is applicable: Leech's Est., 274 Pa. 369; Rau's Est., 254 Pa. 464.

OPINION BY MR. JUSTICE SIMPSON, March 24, 1924:

Testator died in 1881, leaving to survive him a wife and five children; one of the latter has since died, unmarried, intestate and without issue. By his will he left two properties in trust for his wife for life, with remainder as follows:

"Upon the decease of my wife the rents aforesaid after payment of repairs, taxes and insurance shall be divided quarterly among all of my children in equal shares, or their heirs, until the year of our Lord, 1901, at which time my youngest son will be twenty-three years old. My desire is then if a majority of my said children or their heirs deem it advantageous that said two properties be sold that thereupon the said Adam H. Schwartz [trustee] or his successor shall sell the same, and the proceeds of said sales shall be invested upon real estate securities for the benefit of all my children during their natural life. They to receive interest semi-annually and upon their decease the principal to their children absolutely."

The court, in 1909, authorized one of the properties, because of its dilapidated condition, to be sold under the provisions of the Price Act, its proceeds being the subject of the present account, which was filed after the death of the widow in 1922. The question at issue is: Are these two appellants, who are children of testator, each entitled to have one-fourth of the principal awarded to him or her absolutely, or should they receive only the income of those shares, the principal, after their decease,

being payable to their children? The court below reached the latter conclusion, and two of the children separately took the present appeals.

Appellants' claim is that all of the provision, following the words "twenty-three years old," including the clause "upon their decease the principal to their children absolutely," relates to what shall be done in case the children "deem it advantageous" to sell the properties; and hence, as there was no such sale, an intestacy arose, and the children became entitled to the proceeds of the property, after the death of their mother in 1922. It must be admitted that, grammatically considered, this contention would be correct. We are not endeavoring to parse the paragraph, however, but to ascertain from it what testator intended. In determining this, while the rules of grammar are to be taken into account, they are of little or no moment if they conflict with that intent, as appearing in the language used by him.

It is clear testator expected his wife would die before 1901, for he provides that, after her death and until that year, the rents shall be collected and divided among the children. It is also clear that he expected the trustee to continue collecting the rents after that date, and to divide them among the children; or, if they should "deem it advantageous," he was to sell the property, invest the proceeds, and divide the income therefrom among the "children during their natural life." It follows, therefore, that if appellants' contention is sustained, not only will there be an intestacy, which is not to be decreed unless unavoidable (Lefebvre v. D'Arcy, 236 Pa. 235); but all of the clause, after the words "twenty-three years old," will be mere surplusage, for, after the wife's death and the arrival of the year 1901, the children, under that contention, would have had an absolute estate, and could have sold the two properties, or ousted the trustee from all connection with them or their proceeds; and any one of the children could have forced a sale in partition, no matter what the others desired. We are not permitted,

however, to treat any of the provisions of the will as surplusage, unless no other conclusion is reasonably possible: Joyce's Est., 273 Pa. 404.

Construing the will in the light of the above rules of interpretation, it is clear testator intended to give the net rents to his wife for life, and after her decease to his children; unless, subsequent thereto and not earlier than the year 1901, the children wished the properties to be sold, in which event this should be done, the proceeds invested and the net income therefrom paid to them, instead of the net rents, as theretofore. This being so, the only other question is: Can the language of the will be fairly construed to effectuate that intent? Happily, this can readily and naturally be done, by simply treating the words "and upon their decease the principal to their children absolutely," as applying to the entire paragraph, instead of to the last clause only. So considered, the provision would be interpreted as if it read as follows: "Upon the decease of my wife the rents ......[of the properties, or, if they are sold after 1901, the income from the proceeds realized thereby] shall be divided......among all my children in equal shares ......and upon their decease the principal [shall go] to their children absolutely."

The decree of the court below is affirmed, and each of the appeals is dismissed at the cost of appellant therein.