## McCaul's Estate.

*Wills—Construction—Punctuation—Words—Life estate—Remainderman.*

1. Punctuation may be presumed to be omitted or inserted by the court in aid of the testator's intention from the whole will.

2. The rejection of words as surplusage is improper where any other construction is possible.

3. A mark in appearance a "period" will be construed as a "comma," to effect the testatrix's manifest intention to give a life estate to a sister, with remainder in fee to another.

Exceptions to adjudication of Henderson, J.  O. C. Phila. Co., July T., 1927, No. 2594.

*Joseph G. Lester,* for exceptions.

*R. M. Remick (Saul, Ewing, Remick & Saul* with him) and *H. Gordon McCouch,* contra.

STEARNE, J., Feb. 28, 1928.—The single question in this case is: Did the Auditing Judge correctly interpret the will of Margaret McCaul?

Exceptants contend that the Auditing Judge erred in declining to accept their view that a mark of apparent punctuation was intended as a period. If so considered, its effect, it is claimed, is to give the surviving sister a life estate, and then a fee subject to her own life estate.

The clause reads as follows:

"To my sister Sarah McCaul, if she survives me, I give the net income arising therefrom for and during the term of her natural life and all my rights title and interest whatsoever in and to said real estate, subject to said

McCaul's Estate.

life income to my said sister Sarah McCaul [, or .] I give and devise to my God son Donald Charles Harper, in the event that my said sister should not survive me I give and devise my entire lands, tenements and real estate situated at Philadelphia, Pennsylvania, to my God.son Donald Charles Harper absolutely and forever."

According to exceptants, the above clause should read thus:

"To my sister Sarah McCaul, if she survives me, I give the net income arising therefrom for and during the term of her natural life and all my rights title and interest whatsoever in and to said real estate, subject to said life income to my said sister Sarah McCaul.

"I give and devise to my God son Donald Charles Harper, in the event that my said sister should not survive me I give and devise my entire lands, tenements and real estate situated at Philadelphia, Pennsylvania, to my God.son Donald Charles Harper absolutely and forever."

In construing a will, it is the *intent* of the testator which must prevail. As was said in Reck's Appeal, 78 Pa. 432, by Mr. Justice Sharswood (page 435) : "All mere technical rules of construction must give way to the plainly expressed intention of a testator, if that intention is lawful. It is a rule of common sense as well as law not to attempt to construe that which needs no construction." See Wood *v.* Schoen, 216 Pa. 425.

It is to be observed that it is by no means clear that the mark in question was intended as a period. It may have been intended as a comma, or, as pointed out by the Auditing Judge, it may have been merely an accidental touching of the paper by the pen. The will was written by the testatrix in her own handwriting. Its penmanship is good, but the writing evidences many irregularties in both spelling and punctuation.

A careful reading of the will reveals that the testatrix had in mind two contingencies; one, that her sister would survive her; and two, that her sister would predecease her. In the latter event, there is no dispute but that she granted a fee to her grandson. In the former event, one thing is certain: She intended her sister to have a life estate. This is made clear because she employed the words "for and during the term of her natural life." And, again, "life income." To say that the testatrix gave her sister this life estate, and then gave her the fee subject to her own life estate, is an absurdity. No such result could be reasonably attributed to the intention of testatrix. Furthermore, such construction would make superfluous and meaningless the repeating of the words, "I give and devise to my Godson Donald Charles Harper."

The *words* of a will must be taken into consideration in construing it: Smith *v.* Piper, 231 Pa. 378; Rudman's Estate (Browne's Appeal No. 2), 244 Pa. 252; Moyer's Estate, 280 Pa. 131.

Punctuation may be presumed to be omitted or inserted by the court in aid of the testator's intention from the whole will. See Page on Wills (2nd ed.), § 825; 40 Cyc., 1403; O'Malley *v.* Loftus, 220 Pa. 424; Ryan *v.* Miller, 5 Sadler, 501.

The rejection of words as surplusage is improper where any other construction is possible: Joyce's Estate, 273 Pa. 404; Seibert *v.* Wise, 70 Pa. 147.

We are of opinion that the Auditing Judge was correct in holding that the will gave a life estate to the surviving sister, Sarah McCaul, with remainder in fee to Donald Charles Harper.

The exceptions are dismissed and the adjudication is confirmed absolutely.

VAN DUSEN, J., did not sit.