## Loughran's Estate.

Argued October 7, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Rutledge Slattery,* with him *Frank P. Slattery, James P. Costello, Jr.,* and *John E. Cotsack,* for appellants.

*John H. Bigelow,* for appellees.

OPINION BY HIRT, J., February 28, 1941:
This appeal involves the construction of the residu-

ary clause in a will. Appellant contends that by it all nephews and nieces except those explicitly excluded by the fourth paragraph of the will are entitled to share the residuary estate. Appellees' position is that the testator intended the residue to go to one nephew and five nieces not otherwise referred to in the will, to the exclusion of all others.

James H. Loughran, unmarried, a resident of Hazleton, executed a will on January 31, 1924 and died two days later leaving his mother, one brother, two sisters and twenty-two nieces and nephews to survive him. His will is carefully drawn and indicates a thoughtful and settled plan of distribution. He made five bequests of $1,000 each to named charities, and gifts of money in substantial and varying amounts to former employees and to others; he provided a home for his mother and directed monthly payments for her maintenance; he devised the "Hazleton Hotel property" to his brother; and an interest to his sister Eliza J. Clabby in five other parcels of real estate.

Testator excluded six nieces and nephews from receiving any part of the estate by the fourth paragraph of the will in the following language: "My sister, Mrs. A. J. Feeley and her children having means and property, and for other reasons, I deem it just and proper they shall not participate in any part whatever of my estate."

Ten other nieces and nephews specifically and by name, are made the beneficiaries of bequests or devises. To one, the testator gave $10,000; to another $15,000; to five of them he devised valuable undivided interests in the above five pieces of land as tenants in common with his sister, Mrs. Clabby; he devised his interest in the "Palace Theatre" property to three others.

In addition to the Feeley children and the ten named as beneficiaries in the will, testator had one nephew and five nieces, appellees herein. They are referred to only in the residuary clause, as members of a class,

and are nowhere mentioned by name. They claimed the entire residuary estate under the eighth paragraph of the will. That paragraph provides: "I direct my executors shall sell at private or public sale for the best price obtainable all the remaining part of my real and personal estate within three years from the date of my death, and the proceeds therefrom shall go towards the payment of said bequests, charities, and debts, and the residue shall be held in trust for *all* my nephews and nieces, *excepting those as aforesaid* until they arrive at the age of thirty-five years, and in the event of death of any one, the survivors shall share pro rata in his or her part of this fund." We have emphasized the words which give rise to the dispute.

The lower court in its final order distributed the entire residuary fund to the appellees and excluded not only the Feeley children but the ten nephews and nieces (the number was reduced to nine by the death of Theresa Loughran before the age of thirty-five years) named in the will who received specific bequests or devises.

We agree with the lower court that there is no ambiguity in the above residuary clause and that therefore no extrinsic evidence is necessary to determine what the testator manifestly intended. *Baker and Wheeler's Appeal,* 115 Pa. 590, 8 A. 630; *Meetkirk's Estate,* 118 Pa. Superior Ct. 562, 180 A. 172; *Mizener's Estate,* 262 Pa. 62, 105 A. 46. We do not agree, however, with the conclusion of the court that the above language excludes all nieces and nephews theretofore named or referred to in the will.

The will was drawn by decedent's brother, a member of the bar of Luzerne County, who was familiar with his situation in life and the reasons for the specific gifts to some relatives and the exclusion of others. The will is couched in the language of a careful lawyer with the emphasis upon clarity of diction rather than upon formal perfection. There is no doubt as to the

intention of the testator as indicated by any of the provisions of the will except the clause in question.

We are mindful of the cardinal rule of interpretation that the intention of the testator is to be gathered from the plain language of the will (*Scott's Estate*, 313 Pa. 155, 169 A. 73; *Torchiana's Estate*, 292 Pa. 470, 141 A. 294); that words must be construed in their ordinary sense and that artificial formulas of grammatical construction cannot be invoked against an intent otherwise clearly appearing from the language used. *Moyer's Estate*, 280 Pa. 131, 124 A. 331. "Words, phrases, or sentences in a will whose meaning appears upon their face, or only require definition of the primary meaning......cannot be made the subject of construction": Hutton on Wills, 396, quoting Bigelow on Wills. And "while the terms of a will are not, of necessity, to be construed technically and with strict reference to grammatical accuracy, yet the importance of a correct use of language should not be overlooked": Thompson on Wills, §157. In construing a will we are to reach a conclusion based not on what the testator may have meant but upon the meaning of the language used. *Torchiana's Estate*, supra.

It seems clear that the error in this case arose from considering the phrase "as aforesaid" as adjective, identifying "those" to be excluded, whereas in good usage and in accordance with common understanding it is an adverbial phrase. "As aforesaid" in the sentence qualifies "excepting" and not "those", and as applied to the whole will the language in dispute is the equivalent of saying "excepting those in the same manner before stated." Paragraph four contains the only exception before mentioned, and "those" without qualification, refers to the Feeley children. This conclusion is further supported by the use of the word "all" in the inclusive phrase rather than in the exclusion. Considering the direct approach in all other paragraphs of the will, if testator had intended the

whole of the residue to go to the six appellees, it is reasonable to assume that he would have named them. He hardly would have first referred to "all" the twenty-two nieces and nephews and arrived at the identity of six residuary beneficiaries by the exclusion of the Feeley children and by then subtracting the number of those who were named as beneficiaries in the will. The use of the plural "nephews" also has some significance. In the group of six appellees there is but one nephew—the other five are nieces. Testator on his deathbed would not likely have used the plural to include other nephews which might be born before his death. Elsewhere, in the second paragraph of the will he used the singular appropriately in the phrase "among his surviving *sister* and brothers."

We are of the opinion that the expressed intention of the testator was to include as residuary legatees all nephews and nieces except the six specifically excluded in the fourth paragraph and again referred to in the residuary clause. .

Decree reversed and distribution is ordered in accordance with this opinion; the costs to be paid by the estate.

RHODES, J., dissents.