Fink et al., Appellant, *v.* Stein

Argued December 11, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Wilson A. Wert,* with him *Henry L. Snyder, John F. Stine, Jr.,* and *Ira T. Erdman,* for appellants.

*Edwin K. Kline, Jr.,* with him *John L. Cutshall* and *Kline* and *Kline,* for appellee.

OPINION BY HIRT, J., January 18, 1946:

An issue was awarded on the petition of Eva Stein, (Act of June 10, 1893, P. L. 415, 12 PS 1545) to try title to the land claimed by the present appellants. The case was tried by the court without a jury and resulted in a judgment in favor of Eva Stein for the land in question. The judgment will be affirmed.

The common source of title, under which both plaintiffs and defendant claimed, is the will of Ida J. Boger,

who owned the land when she died in 1937. Albert F. Boger was her son by decree of adoption entered on June 19, 1922. Her will provided: "Item II. I devise, bequeath and give unto my adopted Son, Albert F. Boger the entire Farm which I now own including all stock and equipment and household furniture. It is my wish and desire that a guardian be appointed by the Orphans' Court until he arrives at the age of twenty-one. The Executrix shall have controlling power over the farm until Albert F. Boger arrives at the age of forty years, to see to it that Albert F. Boger pays all taxes on the farm, and keeps it in good repair and that he cannot sell the farm before the age of forty years, and also cannot make a loan thereon before that age. Everything he raises on the farm is his, except taxes and repairs. At the age of Forty the Executrix has full power to execute a deed unto him clear of all encumbrances, same as if I was living. In case he does not accept the farm under these conditions at the age of twenty-one the executrix has full power to sell either at public or private sale and give good and sufficient deeds to the highest bidder thereof and divide the proceeds unto all the heirs mentioned in the last item of this will." "Item VI. All the remainder of my estate, including real, personal or mixed of whatsoever nature or kind, I give and devise, bequeath unto" others, whose interests are vested in the appellants, plaintiffs in the issue.

Albert F. Boger was born on May 9, 1920, and, after the death of testatrix, Merchants National Bank of Allentown was appointed his guardian. The guardian went into possession and managed the farm for his benefit. He came of age on May 9, 1941, whereupon, after the final account of his guardian was confirmed, he appointed the same bank as his agent to continue to manage the farm for him. He entered military service on November 25, 1941, and was killed in action on July 29, 1943. By his will, dated November 22, 1942, he devised his estate in fee, to his sister, Eva Stein.

It is appellants' contention that testatrix intended to devise to her son an estate less than a fee and that since he did not live to age 40, the limitations on acquiring the fee were not fulfilled and his will passed no title to Eva Stein, his devisee. It is certain that the first sentence of Item II of the will vested a fee in the son, unless, by words of limitation or otherwise, it appears that testatrix intended to devise a less estate. Wills Act of June 7, 1917, P. L. 403, §12, 20 PS 224; *Wraught Estate,* 347 Pa. 165, 32 A. 2d 8.

There must be an acceptance of a devise before a fee can vest. But though ordinarily there is a presumption of acceptance by the beneficiary of a will, *(Darlington v. Darlington,* 160 Pa. 65, 28 A. 503) yet in this case testatrix contemplated something more. She intended some act by her son, on attaining his majority, indicating his acceptance of the devise subject to the supervision of the farm by her executrix, in stated respects, and the prohibition against sale and encumbrance before age 40. All of the testimony indicates the acceptance of the devised estate by the son. From the very beginning and throughout his life, his conduct in relation to the farm was that of owner. He continued to live there after testatrix's death and on occasion arranged for repairs to the property. His guardian on his behalf, following the death of testatrix, entered into a new lease with the tenant then on the farm, collected the rents, paid the taxes and other carrying charges and accounted to him for the net earnings on termination of the trust. The son renewed the arrangement, on coming of age, with the same bank by appointing it as his agent. Throughout the life of the son the provisions of the will relating to payment of carrying charges and repair of the buildings were fulfilled by the guardian and by the bank as his agent. The executrix, named in the will, died in 1939 and an administrator d. b. n. c. t. a., subsequently appointed, was discharged in the same year after confirmation of his account. Their administration was concerned exclu-

sively with the remaining estate and neither one assumed any control or management of the farm. The fact that Boger did not specifically accept the devise to him subject to supervision and control of the farm by the executrix is of no moment because these provisions were not imposed as conditions precedent to the vesting of the estate in him.

Construing the will in accordance with well settled principles—Intent must be ascertained from the will in its entirety. *In re Dutton's Est.,* 301 Pa. 94, 151 A. 697; the law favors an early vesting of the fee *(Shaw's Est.,* 326 Pa. 456, 191 A. 159) particularly where the beneficiary is a child of the decedent, *(Laughlin's Estate,* 336 Pa. 529, 9 A. 2d 383) though by adoption; and the expressed intent to give less than a fee must be unequivocal if it is to be given effect. *Reiff v. Pepo,* 290 Pa. 508, 139 A. 144; *Ramsey's Estate,* 346 Pa. 157, 29 A. 2d 493—we are satisfied that a devise in fee simple was intended by Ida J. Boger to her adopted son, the principal object of her bounty. The opening statement of Item II in the will is wholly unequivocal. No limitation over was attached, in the event that the son should not survive to age 40. That testatrix did not intend the vesting to be postponed until that time is further indicated by the provision that he "accept the farm under these conditions at the age of twenty-one." Moreover no trust was created as contended by appellant, with title in the executrix until the son should reach age 40. For this reason (unlike the situation in *Spring's Estate,* 216 Pa. 529, 66 A. 110, relied upon by appellant) there was no separation of the legal and equitable titles.

Where the dominant purpose is to devise a fee, it is not to be cut down by provisions which otherwise would detract from the attributes of such estate. *Pattin v. Scott,* 270 Pa. 49, 112 A. 911. Therefore, where as here, the dominant purpose, evidenced by apt language, is to devise a fee, and subsequent language indicates merely a subordinate intent to strip the estate thus given of one

or more of its attributes, the law will hold that the fee simple estate nevertheless passes to the devisee with all of its inherent qualities. Under these principles the provision against conveyance or encumbrance of the farm by the son before age 40 is a nullity. *Pattin v. Scott,* supra. Accordingly it follows that the son, on acceptance of the devise, became absolute owner and his acceptance was not circumscribed by conditions repugnant to the fee which testatrix intended he should take.

Judgment affirmed.