Weaver Estate.

Argued April 14, 1948. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and FINE, JJ.

*D. M. Anderson, Jr.,* with him *Anderson & Anderson,* for appellant.

*Thomas L. Anderson,* with him *Joseph C. Spriggs* and *S. Ashton Brownlee,* for appellee.

OPINION BY ARNOLD, J. July 23, 1948:

This appeal is from a decree of distribution on the account of an executor, and involves the construction of a will and its codicil.

The will, dated September 20, 1939, provided for funeral expenses and specific legacies aggregating some $6800.00, which was more than the fund arising from personalty. The will directed that the real estate be sold, thus creating a fund of $6650.

The 24th paragraph of the will read: "I appoint Jess P. Miller, of Beallsville, Executor of this will and direct him to sell the house and lot devised to my wife, at her death, and to sell all other real estate that may be owned by me at his discretion at either public or private sale, and *to pay over the proceeds, together with any residue that may remain of my personal property,* to Ray Carson, of Monongahela City." (Emphasis supplied.)

The codicil, dated March 21, 1941, added a legacy and reduced the amount of other legacies, after which it read: "As to the residue of my estate, *which I gave all* to Ray Carson, I now *give and bequeath* to Edward Weaver, Byron Lash and Ray carson, share and share alike." (Emphasis supplied.)

The court below ordered payment of all legacies in the will and codicil out of funds blended from personalty and realty, and awarded the balance or residue in equal shares to Edward Weaver, Byron Lash and Ray Carson, as provided in the codicil.

Ray Carson, the appellant, contends: (1) that the legacies must be paid out of the personal estate, but abating each pro tanto; and (2) that the funds derived from the real estate pass to him as being specifically *bequeathed* in the 24th paragraph of the will.

The problem, of course, is to ascertain the testator's intent as disclosed by the language of the will: *Fidelity-Philadelphia Trust Company, Trustee v. Klinger,* 162 Pa. Superior Ct. 294, 296, 57 A. 2d 608, in which our President Judge RHODES stated: ". . . the actual intent of the testator must prevail when it can be ascertained from the language of the will. Keefer Estate, 353 Pa. 281, 283, 45 A. 2d 31, [165 A. L. R. 1277]. Regard must be had to the whole scheme of the will. . . . Likewise, a will must be read in the ordinary and grammatical sense of the words employed, unless some obvious absurdity or some repugnance or inconsistency with the declared intention of the testator as extracted from the whole

will should follow from so reading it. Riegel et al., v. Oliver et al., 352 Pa. 244, 247, 42 A. 2d 602 [161 A. L. R. 177]. The question, in construing or expounding a will, is not what the testator may have meant but what is the meaning of the words actually used." In these cases precedents are of little avail: *Elkins' Estate,* 339 Pa. 193, 12 A. 2d 83; *Williamson's Estate,* 302 Pa. 462, 153 A. 765. In *Elkins' Estate* with reference to a codicil the Court said: " ' . . . the very puropse of a codicil is to alter or modify the will, and hence if there is any conflict the provision in the codicil must prevail.' "

In construing the 24th paragraph of the will we think the testator expressed his intent to blend funds from real estate and personalty, and to dispose of the blended fund. In this paragraph the will does not read "I bequeath" the proceeds of the real estate or the residue of the personal property. Instead, it is provided that the real estate shall be converted into cash and "together with any residue . . . of my personal property . . ." *paid over* to Ray Carson. By the pertinent part of the codicil this intention is made still clearer. Therein the testator stated: "As to the residue of my estate, which I *gave* all to Ray Carson, I now give and *bequeath* . . ." to three named legatees, including Carson. (Emphasis supplied.)

In the will he had provided that the *proceeds* of both realty *and* personalty (after debts and legacies) were to be paid over to Carson. In the codicil he refers to "the residue of my estate which I gave all to Ray Carson." Therefore any doubt which may have existed under the 24th paragraph of the will was resolved in the codicil where an actual *bequest* is made of *all* of that which he had ordered paid to Carson, i. e. the proceeds of real estate and personal property.

We agree with the court below that the 24th paragraph of the will did not *bequeath* the proceeds of the real estate. On the contrary the real estate was to be converted into cash and to be added to the funds from

personalty. After the payment of debts and legacies the residue of the fund was *to be paid over* to Carson. By the codicil this residue from the blended fund was *bequeathed* to Edward Weaver, Byron Lash and Ray Carson, share and share alike.

Decree affirmed; costs to be paid from the funds of the estate.