## Allen Estate

*Thomas E. Weaver, Jr.*, for accountant.

COYNE, P. J., December 21, 1962.—The court has before it for audit the first and final account of The First National Bank of Allentown, trustee for James Allen under the will of Elleanor Allen, deceased.

Elleanor Allen, a spinster, died testate on April 12, 1926. Her will dated April 10, 1926, was probated before the Register of Wills of Northampton County, Pennsylvania, on May 25, 1926. The same date letters testamentary issued to William H. Schneller, Esq., and Allentown Trust Company. On May 28, 1928, the executors paid transfer inheritance tax in the amount of $494.06 and filed their first and final account with the clerk of the Orphans' Court of Northampton County showing a balance for distribution in the amount of $4,133.48. There is no record of an adjudication of this

account nor of any order of distribution awarding the balance.

By the terms of the fifth paragraph of testatrix' will, one-third of her residuary estate was bequeathed to the Allentown Trust Company in trust, the income therefrom to be paid to testatrix' brother, James Allen, so long as he remained unmarried. In the event that James Allen married, the trust was to terminate and the corpus distributed as follows: $10 to testatrix' sister, Anna J. Shoemaker; $10 to another sister, Martha A. Daniel; $10 to testatrix' brother, William Allen; and the balance to "James Allen, his heirs, executors, administrators or assigns."

On February 3, 1933, upon petition of James Allen, this court appointed The Lehigh National Bank of Catasauqua substituted trustee for James Allen under the will of Elleanor Allen. This appointment was occasioned by the Secretary of Banking of the Commonwealth of Pennsylvania taking possession of Allentown Trust Company on June 17, 1932. Thereafter, on August 3, 1934, L. Roy Campbell, Deputy Receiver for William D. Gordon, Secretary of Banking, for the liquidation of Allentown Trust Company, trustee of James Allen, filed his account, which was adjudicated by this court on September 20, 1934, and the balance, $1,405.40, was distributed to the substituted trustee. By reason of various bank consolidations, the First National Bank of Allentown has succeeded as substituted trustee of James Allen.

James Allen died testate on June 18, 1961, without ever having married. His last will dated January 19, 1933, was probated before the Register of Wills of Northampton County, Pennsylvania, on March 4, 1962, and letters testamentary issued to Margaret Bohner.

While it now appears that the power of this court to appoint a substituted trustee, as it did, is subject to serious question, the fact remains that the duty of the

trustee to account is owed to the appointing court. Moreover, the original appointment was on a petition by the cestui que trust, has been acquiesced in by all parties in interest since 1933, and is seemingly immune from attack at this juncture. Under the circumstances, this court can do aught but to adjudicate this account.

The account reveals a cash balance in the hands of the accountant for distribution in the amount of $968.09.

The proposed schedule of distribution would award the balance for distribution to Margaret Bohner, executrix of the estate of James Allen, deceased, on the theory that the interest of James Allen in the estate of Elleanor Allen, deceased, was a vested interest. A thorough examination into the situation has resulted in this court concluding that James Allen's interest was indeed a vested interest, and not contingent upon his marriage.

In this instance, the words of Judge Dithrich speaking for the Superior Court in Schick Estate, 169 Pa. Superior Ct. 226, 82 A. 2d 262 (pp. 230, 231), are most appropriate. "Of course, it must be said at the outset that, in the last analysis, our purpose is to interpret the provisions of the will before us in accord with the manifest intention of the testator. In Keefer Estate, 353 Pa. 281, 45 A. 2d 31, the Supreme Court said (p. 283): 'The "pole star" long fixed for the guidance of courts in interpreting wills is a testator's intention. In Anderson's Estate, 243 Pa. 34, 89 A. 306, this court said: "It is a cardinal rule that the actual intent of the testator must prevail when it can be ascertained" from the language of his will.' See also Ziegler Estate, 356 Pa. 93, 51 A. 2d 608; Fidelity-Philadelphia Trust Co. v. Klinger, 162 Pa. Superior Ct. 294, 57 A. 2d 608; Weaver Estate, 162 Pa. Superior Ct. 578, 60 A. 2d 404. This intention must be gathered from the instrument as an entirety; or, as stated in Blair v. Shannon, 349

Pa. 550, 555, 37 A. 2d 563: ' ". . . the testator's intention must be ascertained from the four corners of the will." . . .' See also Parkin Estate, 157 Pa. Superior Ct. 476, 478, 43 A. 2d 595.

"It is not an uncommon practice of testators, as here, to relate their gifts to the occurrence of the marriage of the donee. But the mere use of words to that effect does not in every case create a contingent rather than a vested interest in the subject of the gift. 'Gifts to be paid on the marriage of the legatee are the common examples of gifts held contingent because of the uncertain nature of the event upon which they are payable; but in some instances gifts in this form have been held vested because of *countervailing circumstances* overcoming the effect of the uncertain nature of the event on which they were payable, such as a direction for payment of intermediate income to the legatee or the absence of a gift over.' (Emphasis added.) 57 Am. Jur., Wills, §1227. '. . . unless it can be *reasonably inferred from other parts of the will that the testator intended to annex the condition of marriage only to the possession and enjoyment* rather than to the gift itself, a gift to one "when," or "if" or "in case," the beneficiary marries . . . is contingent.' (Emphasis added.) 69 C. J., Wills, §1693."

In the instant case, we think it plain that there are "countervailing circumstances" present, and also that "it can be reasonably inferred from other parts of the will that the" testatrix "intended to annex the condition of marriage only to the possession and enjoyment" of the gift.

A reading of the will, a will which includes much legal phraseology but is nevertheless most inexpertly drawn, reveals immediately that testatrix has divided her estate into three equal shares, two of which shares are bequeathed to the respective legatees absolutely and without restriction. In the case of the third share, i.e.,

the share of James Allen—testatrix bequeaths an "equal one-third share . . . *similar to that* given, devised and bequeathed by me under this will, unto my brother, Thomas Allen," unto the bank in trust for James Allen. (Italics supplied.) We think that the foregoing factors are strongly indicative of an intention on the part of testatrix to treat these two brothers with complete equality. We are further of the opinion that testatrix simply intended, in the case of James, to withhold exclusive possession and enjoyment of his interest in her estate until he had a greater need for it, that is, when he married. This withholding, however, did not prevent a vesting in interest; it simply fixed the time when the gift would vest in possession and enjoyment: Schick Estate, supra.

As to the countervailing circumstances, there are two here present. There is a direction to pay all intermediate income from the trust corpus to James Allen. There is, also, a total absence of a gift over of either income or principal upon the death of James Allen. As we construe this will, the three bequests of $10 each out of the principal of the trust were contingent upon the termination of the trust by reason of the marriage of James Allen, and not by reason of his death. In view of these factors, it is the conclusion of the court that testatrix did not intend the creation of a contingent estate with respect to James Allen: Schick Estate, supra.

In light of the foregoing, our conclusion must be that testatrix intended to affix the condition of marriage only to possession and enjoyment of the gift. We conclude, therefore, that the gift to James Allen was vested and not contingent, notwithstanding the reference to possible marriage of the donee. In this conclusion, we are fortified by two firmly rooted propositions of law relating to the construction of wills. First, a construction of a will which avoids an intestacy is favored. A

presumption arises from the execution of a will that the testator intends to dispose of his entire estate and not die intestate as to any part of his property. It is, therefore, the duty of the court to construe a will in such fashion that no intestacy, partial or entire, will occur: Duffy's Estate, 313 Pa. 101, 106, 169 Atl. 142. And finally, we adhere to that time-honored rule of construction that an interest should be construed contingent only when it is impossible to construe it as vested: Rau's Estate, 254 Pa. 464, 98 Atl. 1068. Accordingly, we shall approve the proposed schedule of distribution.

Notice of the filing of the account and audit thereof was given by certified mail to all of the parties in interest, as evidenced by the affidavit of service which has been filed with the court and to which affidavit are attached copies of the notices and the return receipt cards.

No objections have been filed to the account or to the proposed schedule of distribution as presented.

And now, December 21, 1962, the first and final account of The First National Bank of Allentown, trustee for James Allen under the will of Elleanor Allen, deceased, is confirmed, and the accountant is directed to award the balance in hand, to wit, $968.09, in cash unto Margaret Bohner, executrix of the estate of James Allen, deceased.

This decree shall become final unless exceptions thereto are filed within ten days herefrom.