# Denis's Estate.

*Trust and trustees—Separate use trust—Invalid separate use trust.*

A trust for protection of future interests is perfectly valid, and will not be stricken down because of a superimposed trust for a separate use, invalid, because at the death of testator the cestui que trust was a minor, not married, or contemplating marriage.

Argued Jan. 20, 1902.   Appeal, No. 354, Jan. T., 1901, by Marie Denis Mercur, from decree of O. C. Phila. Co., Jan. T., 1881, No. 337, dismissing exceptions to adjudication in the Estate of N. F. H. Denis, Deceased.   Before McCollum, C. J., MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Exceptions to adjudication.

The adjudication by PENROSE, J., was as follows :

The account is of the portion of the personal estate held under the provision of the will of the decedent, proved September 13, 1872, and of an auditor's report upon the account of the executors, for the payment of the annuity given by the will to his widow, Marietta N. Randolph Denis, etc., the accountant having been appointed trustee and administrator d. b. n. c. t. a. in March, 1881, upon the settlement of the account of the executors.

The will of the testator, proved as above, after directing the payment of his debts and funeral expenses, provided as follows : " I give and bequeath unto my dear wife, Marietta N. Randolph Denis, an annuity or yearly sum of five thousand dollars, for, and during all the term of her natural life, in even and equal monthly payments, the first payment to be made at the expiration of one month after my decease. My said wife to support —my youngest daughter, Marie E. H. Denis, until she arrives at the age of twenty-one years or marries—and to support, maintain and educate my youngest son, Eon Robiquet Denis, until his arrival at the age of twenty-one years. Provided, however, that in case said annuity to my said wife should prove insufficient for the proper support of herself and my said two children then I do authorize and direct their guardian to pay over to my said wife so much of their respective incomes as may be sufficient for their proper support, maintenance and education, as aforesaid ; " and after further gifts to his wife, and provisions for his children, as there set forth, directed with regard to the residue of his estate, as follows : " I order and direct all the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever, to be divided into five equal parts," one of such parts being given to his daughter, Francoise Z. H. Bullock ; one to his son, Geffroy P. Denis ; one to his son, Narcisse R. Denis ; one to his son, Eon R. Denis, and the other to his executors in trust " to collect and receive the rents, income and dividends thereof, and pay the same over, from time to time, unto her my said daughter, Marie E. H. Denis, for and during all the term of her natural life, yet so that the same shall not be in the power or control, or be in any wise subject to or liable for any of the debts, contracts or engagements of any husband, which she my said daughter may have or take, and from and after the decease of my said daughter then in trust as regards the principal of her said one-fifth part of my residuary estate to all and every, the child or children which she may have and the lawful issue of such of them as may be deceased having left such issue, their heirs, executors, administrators and assigns, in equal parts or shares, such issue of any deceased child or children taking only a parent's share, and in case my said daughter should die without having any child or children, or issue of any deceased child or children, then in trust as regards the principal

of her said share to such person or persons, in such shares and proportions, and for such estate or estates as she my said daughter, whether covert or sole, shall by her last will and testament in writing, executed in the presence of two credible witnesses, order, direct, limit and appoint, and in default of such last will and testament as regards the principal of her said share to her surviving sister and brothers, in equal parts or shares absolutely."

It was stated that the daughter, Francoise C. H. Bullock, to whom one fifth of the residue of the estate was thus given absolutely, was at the date of the execution of the will and at the death of the testator married, and had two young children, a boy and a girl. Marie E. B. Denis, for whom one fifth was thus given in trust, was then and at the death of the testator, a minor, not married or contemplating marriage, though she is now the wife of James W. Mercur, Esq.

The account of the executors, of whom Mrs. Denis was one, was referred to an auditor, whose report filed in April, 1874, after making distribution to the extent there shown, directed as follows: "To the executors—the sum of $105,865, the income of which is to be used by said executors to pay the widow's annuity, to keep the real estate set apart to the widow in repair and good order, and to pay the taxes upon the same $105,865." Mrs. Denis died, as stated in the petition, July 2, 1901.

Another question presented by Mr. Mercur, was with regard to the trust created by the testator for his daughter, Marie, now Mrs. Mercur, or rather the trust relating to the share in which she had a life estate. As the daughter was not married or contemplating marriage at the date of the will or when the father died, it is contended that the trust was invalid, and she is entitled to the share absolutely. If the entire, beneficial interest had been given to her, and the sole purpose of the trust had been to create a separate use, the claim would unquestionably have to be sustained; but her interest is for life, merely, and the limitation at her death, is to her children and issue, with an ultimate limitation, in default of children or issue and of her appointment, in that event, to the other children of the testator. A trust for protection of future interests is perfectly valid, and will not be stricken down because of a superimposed invalid trust for separate use; and even if the equitable life estate had

been followed by an immediate limitation to the "heirs" of the first taker, in default of appointment by will, there would have been no coalescing of the two estates. The prevention of such coalescing is, in itself, a perfectly valid reason for the creation of a trust. See Boyd's Estate, 199 Pa. 487, 497. . . .

The court dismissed the exceptions to the adjudication.

*Error assigned* was in dismissing exceptions to adjudication.

*James Watts Mercur*, for appellant.

*Richard C. Dale*, for appellee, was not heard.

PER CURIAM, February 24, 1902:

The decree in this case is affirmed on Judge PENROSE's opinion.