# Heyer *v.* Kranch, Appellant.

*Will—Estate for life—Ejectment—Executors and administrators.*

Where a testator directs that his property real and personal shall not be sold, but that his wife shall "have the income of the same until after her death," and then all his property is to belong to his adopted daughter, the wife takes an estate for life, and she is entitled to maintain an action of ejectment against the adopted daughter's husband named as an executor merely, and in possession of the testator's real estate.

Argued Dec. 3, 1912. Appeal, No. 56, Oct. T., 1912, by plaintiff, from judgment of C. P. Schuylkill Co., Nov. T., 1910, No. 4, for defendant on case stated in suit of Christina Wilhelmina Heyer v. George Kranch. Before RICE, P. J., HENDERSON, MORRISON, HEAD and PORTER, JJ. Reversed.

Case stated in ejectment for real estate in the borough of Mahanoy City. Before BRUMM, J.

The opinion of the Superior Court states the case.

*Error assigned* was judgment for defendant on case stated.

*J. H. Garrahan,* for appellant.

No printed brief for appellee.

PER CURIAM, February 27, 1913:

It is admitted in this case stated in ejectment, that the defendant is in possession of the western half of the property on East Mahanoy avenue in the borough of Mahanoy City, being the house and property numbered 805 on said avenue, and that this property belonged to Charles Heyer at the time of his decease. By his will, Charles Heyer directed, inter alia, as follows: "All my property, real and personal, at Scranton and Mahanoy City, Pa., is not

to be sold after my death, but my beloved wife Christina Wilhelmina Heyer, is to have the income of the same until after her death, all my property is then to belong to my adopted daughter, Mrs. Kranch, of Mahanoy City, Pa. . . . I appoint George Kranch and my wife as the administrators of this my last will and testament." By well-settled construction, this was a gift of the real estate to the plaintiff for life: Drusadow v. Wilde, 63 Pa. 170; France's Est., 75 Pa. 220; Curry v. Patterson, 183 Pa. 238; Beilstein v. Beilstein, 194 Pa. 152. Being tenant for life, she was entitled to maintain ejectment against an intruder. The defendant disclaims title to the premises in his own right or otherwise, but claims the right to retain possession, paying to the plaintiff a reasonable rental, solely by virtue of the authority granted to him under the will of Charles Heyer, and, in addition, claims the right, as executor, to appropriate so much of the rentals of all the real estate left by the testator "as are reasonably necessary for the purpose of making such repairs as are by law required and are in his judgment necessary for the preservation of said real estate." This claim is based on a misconception of his rights and duties as executor. The will gives him no such express power, nor does it give any other power from which it can be implied. He must, therefore, be deemed an intruder. As to the suggestion that the plaintiff's exclusive remedy is in the orphans' court, it seems sufficient to say that in this case there is no contest as to the personal estate, no accounting is asked for, and no fund under the control of the orphans' court is involved. According to the stipulation of the case stated, the simple question is whether the plaintiff is entitled to actual and exclusive possession and control of the real estate during her life, with the right to rent, occupy, or otherwise possess the same and collect the income therefrom, without being subject to interference on the part of the defendant as executor or otherwise. To that question there can be but one answer. It follows that the plaintiff is entitled to judgment for the land

specifically described in the case stated, and admitted to be in the defendant's possession.

The judgment is reversed, and judgment is now entered in the plaintiff's favor for the western half of the land on East Mahanoy avenue in the borough of Mahanoy City, Schuylkill county, late the property of Charles Heyer, deceased, being the house and lot numbered 805 on said avenue.