## Price's Estate.

*Wills—Trusts—Perpetuities—"Issue"—Construction—Intention.*
A testator bequeathed $8,000 in trust to pay the net income to Susanna E. Strong for life and upon her death to pay the same to her daughter, Annie, and gave an additional sum of $8,000 in trust to pay the income therefrom to the said Annie during life or until her marriage and thereafter to pay the said net income to said Annie for her sole and separate use and in case of the death of Annie leaving issue a child or children for their lives, "but in case the said Annie E. Strong should die without issue then my will is that the said sum of $8,000 as well as the said sum of $8,000 first above mentioned after the death of said Susanna E. Strong shall go to my next legal heir or heirs. My will being that the income of said sum of $8,000 shall after the death of the said Susanna E. Strong be added to and form a part of the income of the said Annie E. Strong and her children and only to revert to my

next legal heir or heirs in case of the death of the said Annie E. Strong without issue as hereinbefore mentioned." Testator bequeathed the residue of his estate to his heirs. Susanna and Annie survived testator; thereafter Susanna died and afterwards Annie, leaving two children and no issue of deceased children. Said children contended that the trust should be terminated, that the estate vested in them absolutely on the ground that the will created a perpetuity and on the ground that the word "issue" indicated an indefinite failure of issue. *Held,* (1) that the estate given to the children of Annie vested within the period required by the rule against perpetuities; (2) that a definite failure of issue was intended, but that even if this were not the case the remainders over to the heirs would not coalesce with the life estates, as the life estates were equitable and the estate in remainder legal, and that (3) the trust could not be terminated during the lives of the children of Annie.

Argued Jan. 15, 1918. Appeal, No. 215, Jan. T., 1917, by Susie Scoyen, from decree of O. C. Philadelphia Co., Jan. T., 1917, No. 437, dismissing exceptions to adjudication in Estate of Callender Price, deceased. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Exceptions to adjudication.

The facts appear in the following excerpt from the adjudication of ANDERSON, J.:

This trust arose under the will of testator, who died October 25, 1851, whereby he gave the sum of $8,000 to his trustee to pay the net income to be derived therefrom to Susanna E. Strong during life, and upon her death to pay the said income to her daughter, Annie E. Strong, and gave an additional sum of $8,000 to his said trustee to pay the income to be derived therefrom to the said Annie E. Strong during life or until the solemnization of any marriage of the said Annie E. Strong and thereafter to pay said net income to said Annie E. Strong for her sole and separate use, etc., and in case of the death of the said Annie E. Strong leaving issue a child or children her surviving then to pay the interest and income

aforesaid unto the support of such child or children during all the term of their natural lives, share and share alike; further providing as follows:

"But in case the said Annie E. Strong should die without issue, then my will is that the said sum of eight thousand dollars, as well as the said sum of eight thousand dollars, first above mentioned after the death of said Susanna E. Strong, shall go to my next legal heir or heirs. My will being that the income of the said sum of eight thousand dollars, shall after the death of the said Susanna E. Strong be added to and form a part of the income of the said Annie E. Strong and her children, and only to revert to my next legal heir or heirs, in case of the death of the said Annie E. Strong, without issue as hereinbefore mentioned."

As appears from the petition for distribution both the cestui que trusts were living at the death of testator. Susanna E. Strong died January 30, 1882, and Annie E. Strong, afterwards Scoyen, died November 1, 1916, leaving to survive her two children, Susie Scoyen and Jessie Scoyen Batten, and no issue of deceased children.

The petition for the distribution also states that said Susie Scoyen and Jessie Scoyen Batten claim to be grandchildren of testator.

At the audit it was claimed on behalf of Susie Scoyen and Jessie Scoyen Batten that the estate now vested in them absolutely, first, on the ground that the will created a perpetuity, and secondly that the use of the word "issue" indicated an indefinite failure of issue.

The auditing judge however is not convinced by the argument of counsel on behalf of this contention because, in the first place, there is no perpetuity here, the gift being a life estate in succession first to Susanna E. Strong, secondly to her daughter, Annie E. Strong, who were both in existence during the lifetime of the testator, and thirdly to the children of Annie E. Strong who necessarily were in existence at the time of the latter's death. The equitable estate of the children of Annie E. Strong

thus vested within the period prescribed by the rule against perpetuities, namely a life or lives in being and twenty-one years thereafter: Lawrence's Est., 136 Pa. 354. And even if the remainder should offend the rule against perpetuities, that will not destroy the preceding life estates: Whitman's Est., 248 Pa. 285. Nor can the gift over coalesce with the life estates in this case, as the life estate is equitable and the estate in remainder necessarily legal. That the life estate is equitable is shown by the terms of the will. The duties of the trustee are active, and the gifts to the various beneficiaries are not of principal but of the income derived from the active trust: Hemphill's Est., 180 Pa. 95; Shower's Est., 211 Pa. 297; nor is the auditing judge convinced that even were the particular estates legal the result would be a coalescing of the life estates in the children of Annie E. Strong with the remainder in Annie E. Strong and her children. It is clear from the language of the gift that the word "issue" is used interchangeably with and in substitution for the word "children." Moreover, the words "die without issue," must, under the Act of July 9, 1897, P. L. 213, be construed to mean not an indefinite failure of issue but a want of issue at the death of Annie E. Strong, in the absence of a contrary intention disclosed by the will.

The court dismissed the exceptions. Susie Scoyen appealed.

*Errors assigned* were in dismissing the exceptions.

*A. U. Bannard,* for appellant.

*Maurice B. Saul,* with him *Prichard, Saul, Bayard & Evans,* for appellee.

PER CURIAM, February 25, 1918:

This appeal is dismissed, at the costs of the appellant, on the opinion of the learned adjudicating judge direct-

ing the balance in the hands of the trustee to be retained by it for the uses and trusts created by the will of the testator.