# Field's Estate.

*Wills—Trusts and trustees—Gift to niece—Marriage—"Should not marry," "being married"—Restriction of prior gift—Remainders—Contingent remainder.*

1. If a testator in one part of his will gives to a person an estate of inheritance of land, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser estate only, the prior gift is restricted accordingly.

2. Subsequent provisions in a will cannot avail to take from an estate, previously given, qualities that the law regards as inseparable from it, as, for example, inalienability; but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right.

3. Where a testatrix gives the residue of her estate to a trustee "in trust for my niece [naming her], her heirs, executors, administrators and assigns forever, provided, however, that if my said niece should not marry or being married should die without issue living at the period of her death, it is my will and I hereby direct that my said estate shall go and be distributed among the following persons" (naming them), and the trustee is authorized to sell all the real estate, the niece, upon surviving the testatrix, does not take an absolute estate free of any conditions or limitations, and free of the trust.

4. The placing of the estate in trust and investing the trustee with authority to convert the real estate, indicate an intent that

the property shall be kept intact, and not pass directly to the niece upon the death of the testatrix.

5. Where a testatrix gives an estate in trust for her niece, and provides that "if my said niece should not marry or being married should die without issue living at the period of her death," then over, the contingency of the niece not marrying means during her own life, and not that of testatrix.

*Trusts and trustees — Contingent remainder — Active duties — Will.*

6. A trust to support a contingent remainder is valid although active duties are not imposed upon the trustee.

Argued January 16, 1920. Appeal, No. 92, Jan. T., 1920, by Philadelphia Trust Company, guardian of Elizabeth S. Field, the younger, from decree of O. C. Philadelphia Co., April T., 1891, No. 505, dismissing exceptions to adjudication in estate of Elizabeth S. Field, deceased. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Exceptions to adjudication of GUMMEY, J.

From the record it appeared that the court in banc, in an opinion by ANDERSON, J., (HENDERSON and GEST, JJ., dissenting), dismissed the exceptions to the adjudication and refused to award the fund to the Philadelphia Trust Co., guardian. See 28 Pa. Dist. R. 514. The trust company appealed.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were dismissal of exceptions to adjudication and decree.

*Isaac A. Pennypacker,* of *Henry, Pepper, Bodine & Stokes,* for appellant.—Conditions subsequent in a will divesting or reducing a vested estate are not regarded with favor, and when an estate has once vested the law will not permit a doubtful clause to divest it: Hoyt's Est., 236 Pa. 433; Watson v. Smith, 210 Pa. 190; Jackson's Est., 179 Pa. 77.

Where the gift of an absolute estate is followed, without more, by an alternative gift in case the first taker die without issue, or other equivalent words, it is a settled principle of interpretation that they will be understood as meaning death without issue in the lifetime of testatrix: Jackson's Est., 179 Pa. 77; Mitchell v. P., F. & Chic. Ry., 165 Pa. 645; Throckmorton v. Thompson, 34 Pa. Superior Ct. 214; Robinson v. Jones, 222 Pa. 56; Neubert v. Colwell, 219 Pa. 248.

*Samuel W. Cooper*, for appellee, cited: Sheets's Est., 52 Pa. 257; Jessup v. Smuck, 16 Pa. 327.

OPINION BY MR. JUSTICE WALLING, March 1, 1920:

Elizabeth S. Field, late of Philadelphia, died testate in 1889, and her last will gives all of her estate, except $200, "unto the Provident Life & Trust Company their successors and assigns forever in Trust for my niece Elizabeth Stockdale Field daughter of my brother the late Benjamin Field her heirs, executors, administrators and assigns forever provided however that if my said niece should not marry or being married should die without issue living at the period of her death, it is my will and I hereby direct that my said Estate shall go and be distributed among the following persons" (naming them). She also appointed the trust company executor, and by a codicil authorized it to sell all her real estate. The niece is still living, but unmarried, and in 1917 was adjudged feeble-minded and the Philadelphia Trust Co. is guardian of her estate, which amounts to $24,000. This appeal is by the guardian from a decree of the orphans' court refusing its petition for the fund and continuing the trust.

The case was properly decided. In the opinion of this court by Mr. Justice STRONG, in Sheets's Est., 52 Pa. 257, 263, it is held that "No principle is better settled than that if a testator in one part of his will give to a person an estate of inheritance of land, or an absolute interest

in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly. Subsequent provisions will not avail to take from an estate previously given, qualities that the law regards as inseparable from it, as, for example, alienability; but they are operative to define the estate given, and to show that what without them might be a fee, was intended to be a lesser right"; and in Shower's Est., 211 Pa. 297, it is said in the opinion by Mr. Justice MESTRE-ZAT (p. 302) : "It is settled by our cases that an estate of inheritance in real estate or an absolute interest in personalty given in a will may be reduced to a lesser estate if the subsequent language of the instrument unequivocally shows that such was the intention of the testator." These and other like authorities are collected and reaffirmed in Smith v. Piper, 231 Pa. 378. Our case seems to be stronger than some above cited, for here the gift is cut down to a lesser estate in the next succeeding words of the same clause. The estate of the first taker, however, will not be cut down unless the intention to do so clearly appears: Robinson v. Jones, 222 Pa. 56; but, where such intent does clearly appear, it will be given effect: Kreb's Est., 184 Pa. 222; and that is this case.

The next question is whether the event that the niece should not marry or being married should die without issue is to be determined as of the death of the testatrix or of the niece. It may be conceded that the words "die without issue" and "death unmarried" usually mean such death in the lifetime of the testator, but that is only so where the will fails to disclose a contrary intent: Powell on Devises (3d ed.) p. 763. Here the language of the will differs from that in the cases cited for appellant, and, taken as a whole, leads to the conclusion that the event upon which the gift over is to take effect must be determined at the death of the niece; and we agree with the orphans' court that the contingency of the niece not marrying means during her own life and not

that of the testatrix. If the latter, then she would take nothing as she failed to marry before the death of testatrix; an impossible construction. This is well stated in the opinion of the court below by the late Judge AN-DERSON, where, after citing cases in which the words "death unmarried" refer to such event in the testator's lifetime, he adds: "In cases above cited the testator refers to the 'death unmarried' of the first taker, while in the present case the gift over is to take effect not upon her death unmarried, but in the event that she should not marry, in other words, upon the contingency of the legatee remaining unmarried not only during the testatrix's lifetime, but during the legatee's lifetime. If we were to apply the doctrine of these cases to this will and refer the contingency 'should she not marry' to the testatrix's lifetime, the result would be that, at the death of the testatrix, the legatee, not having married, the gift over took effect and no interest whatever vested in the first taker. Such a conclusion cannot be conceived and proves undoubtedly that the testatrix did not contemplate the contingency of the first taker's marriage in her lifetime."

The placing of the estate in a trust and investing the trustee with authority to convert the real estate, indicate an intent that the property shall be kept intact and not pass directly to the niece upon the death of testatrix. A trust to support contingent interests in remainder is valid although active duties are not imposed upon the trustee. See McKinney's Est., 260 Pa. 123; Price's Est., 260 Pa. 376; Stewart's Est., 253 Pa. 277; Spring's Est., 216 Pa. 529; Denis's Est., 201 Pa. 616; Dodson v. Ball, 60 Pa. 492.

Admittedly the law favors an absolute rather than a defeasible estate and a vested rather than a contingent one, yet every will presents its own problem. It follows that the trustee should remain in possession of the estate and pay the income therefrom to the guardian of Eliza-

beth S. Field, and that, upon her death without issue, the fund will pass to the substituted beneficiaries.

The decree is affirmed at the costs of appellant.