## Sarver Estate.

Submitted September 26, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Lee C. McCandless* and *Marshall & McCandless,* for appellant.

*Henninger, Ehrman & Shumaker,* for appellee.

PER CURIAM, November 26, 1945:

A testatrix in the first sentence of her will left all of her estate to her son and to her daughter, naming them, "to be divided equally among them." She also provided that at the death of her daughter, the latter's share should go to her children. She appointed the son and daughter "to settle up the estate." The matter came before the court below on a petition for a declaratory judgment, filed by both the daughter and the son, as to the estate vested in the daughter under the will of her mother; whether the daughter takes an estate in fee in both the real and personal property of her mother or whether by the terms of the will, she takes a life estate. The court below entered a judgment declaring the daughter to have a life interest in the undivided one-half interest in the real estate of the testatrix, and a like one-half interest in the personal estate of the testatrix and upon the appointment of a trustee to hold the estate, so devised and bequeathed to her for life, for her benefit for life and after her death for all of her children.

The judgment of the court was correctly based on numerous decisions of this court in like cases. "No principle is better settled than that if a testator in one part of his will gives to a person an estate of inheritance of lands, or an absolute interest in personalty, and in subsequent passages unequivocally shows that he means the devisee or legatee to take a lesser interest only, the prior gift is restricted accordingly." *Smith v. Piper,* 231 Pa. 378. *Fidelity Title and Trust Co. v. Nibozin,*

88 S. C. 113. See also *Cryan's Estate,* 301 Pa. 386, 152 A. 675.

The judgment is affirmed.