## Ziegler Estate.

94

Argued January 7, 1947. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Harold W. Spencer,* with him *Edward M. Hawes* and *Wright, Mauck & Hawes,* for appellant.

*Louis M. Childs, II,* with him *High, Swartz, Flynn & Roberts,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 24, 1947:

Jesse Ziegler died testate December 2, 1884. Clause 3 of his will provided *inter alia:* "All moneys arising out of my estate . . . shall be divided unto my six children or their lawful heirs as hereinafter directed. But if the Daughter of my deceased son Jesse Ziegler Jun should die without children in such case all the money she drew out of my estate shall fall back to my other children now living or their lawful heirs." The daughter referred to, Kate O. Hanley, died June 5, 1945. She had two children, a son, G. Robert Hanley, appellant, and Paul Hanley, who predeceased her, leaving to survive him a daughter, Marguerite H. Gifford, appellee. The Security Trust Company of Pottstown,

Pennsylvania, filed its account as trustee under said will upon the death of Kate O. Hanley. The auditing judge awarded the balance of principal, together with income accrued, in equal shares to appellee and to appellant. This appeal is from the decree of the court below dismissing appellant's exceptions to said account.

Appellant contends: (1) that the remainder interests were contingent until the death of Kate O. Hanley; and (2) that the gift to "children" limits the recipient of the remainder interest and cannot be construed to include "grandchildren." Appellee contends that a proper reading of the will reveals testator's intention to effect a per stirpital distribution of his estate.

Admittedly, Kate O. Hanley received a legal life estate under the will. The inquiry here relates to the disposition of the remainder interest upon her death. As in all cases where this Court is interpreting a will, it is the actual intent of the testator, as ascertained from the language of his will, which must prevail: *Keefer Estate,* 353 Pa. 281, 45 A. 2d 31. This is a layman's will, written by a layman. In ascertaining his actual intention the language must be considered without reference to technical rules of construction: *Lippincott's Estate,* 276 Pa. 283, 287, 120 A. 136.

That testator intended the remainder interest to vest in the children of Kate Hanley, or their issue, and not to restrict the class to his grandchildren living at her death, is manifest from the language of the will itself. His estate was to be divided equally between his "children or their lawful heirs." That he intended their issue or descendants to take is evident from the provision that if his granddaughter should die without children, her share should revert to his other children "now living or their lawful heirs." The law leans toward equality among heirs and vested rather than contingent remainders: *Edelman's Estate,* 276 Pa. 503, 120 A. 457.

Testator has devised to a class, his five surviving children and the daughter of his deceased son. Regard-

ing the latter's share, there was a further gift to a class, namely, her children. The word "children" was intended by testator to mean "issue." There was, therefore, a class gift of a remainder interest to the issue of the daughter of the deceased son. This remainder vested in the issue at the moment of birth, subject to being partially divested by the birth of other members of the same class. Upon the death of any member of such class leaving issue, his interest ceased while that of his issue became vested.

Testator's scheme being clearly of a family or a per stirpes distribution, and the word "children" manifestly having been employed in a broad sense, rather than a technical one, the court below properly awarded one-half of the balance of the estate to G. Robert Hanley, appellant, and one-half to Marguerite H. Gifford, appellee.

The decree of the court below is affirmed, costs to be paid by appellant.