Dowd Estate.

Argued April 22, 1954. Before RHODES, P. J., ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (HIRT, J., absent).

*Tice F. Ryan, Jr.,* with him *Joseph H. Bialas* and *Bialas & Ryan,* for appellant.

*J. Weinman Cratty,* with him *Thomas Lewis Jones* and *Stanton C. Fogie,* for appellees.

OPINION BY WRIGHT, J., August 20, 1954:

As stated by counsel for appellant,[1] the question involved in this appeal is: "Does the Last Will and Testament of decedent effectively bequeath her entire estate to appellant and others, the legatees named therein?" Counsel for appellees states the question in these words: "Does the Testamentary writing purporting to be the Last Will and Testament of decedent effectually dispose of any part or all of the estate of decedent to anyone?"

Helen A. Dowd died July 19, 1950. Her last will and testament dated September 25, 1947, was duly probated on July 24, 1950, and letters of administration c.t.a. issued to Mary B. Herring. The instrument was drafted and written in longhand by the decedent herself and reads as follows: "Being in sane mind and body, I declare This to be my last will and testimony. I bequeath the following to be divided equally among the persons listed below. Mrs. Mary Herring, Mrs. Anna Dagenwich, Mrs. Mary Frendenberg, Mrs. Clara Popp. s/ Helen A. Dowd. Witnesses: s/ E. W. Evans, s/ Relura M. Kimmell".

---

[1] It has been stipulated that our decision in the instant case shall be conclusive as to all parties.

At the audit the fiduciary presented a petition for distribution to the four persons named. According to appellant's history of the case, which is not challenged,[2] "No questions for adjudication were presented in the Petition for Distribution or orally at said hearing. However, subsequent thereto, the Court on its own initiative raised the question of interpretation of the Will. The Court then entered its opinion and order dated November 7, 1952, adjudicating that the Will of decedent made no disposition of her estate and required distribution pursuant to the Intestate Act of 1947. The Court also appointed Stanton C. Fogie, Esq., Master, to ascertain the intestate heirs of decedent". The Master's report was filed February 2, 1953. Thereafter, to wit, on April 9, 1953, the auditing judge entered a nisi decree directing that the balance in the hands of the accountant, less Master's fee and expenses, be distributed to the persons found by the Master to be the decedent's heirs. On September 23, 1953, exceptions were dismissed by the court en banc, and final decree entered. This appeal followed.

We have concluded that the writing under consideration cannot be properly interpreted in the almost complete vacuum which the instant record presents. In determining a testator's intention the court should place itself as nearly as possible in his position and should take into consideration his situation, the facts and circumstances surrounding him at the time the will was executed, and his relation to the persons named in the will, their conditions or necessities: *Jackson's Estate*, 337 Pa. 561, 12 A. 2d 338. See also *Anderson Estate*, 373 Pa. 294, 95 A. 2d 674; *Walker Estate*, 376 Pa. 16, 101 A. 2d 652. We are in accord with the

---

[2] See Superior Court Rule 32.

statement in *Jackson's Estate,* supra, that precedents are of little value in the construction of wills. "An exhaustive review of the decisions leads us to the frank conclusion that will cases may be found to support almost any given proposition of construction; but that, in the final analysis, each will stands on its own feet and is construed according to the court's view of the testator's actual meaning": *Bagley's Estate,* 48 D. & C. 173, 178. In fact, in a layman's will the language must be interpreted without reference to technical rules of construction: *Ziegler Estate,* 356 Pa. 93, 51 A. 2d 608. The Supreme Court has indicated that, if ambiguity in terms exists, the intention of the testator may be explained by parol: *Keefer Estate,* 353 Pa. 281, 45 A. 2d 31. In the writing under consideration what does the term "the following" mean? An opportunity should be afforded and an attempt made to develop what the testatrix intended.

The decree of distribution is vacated. The cause is remanded to the court below with instructions to proceed in a manner consistent with the views expressed in this opinion.

Judge ERVIN dissents.