LaRosa, Appellant, *v.* McVicker.

Argued November 19, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Donald E. Williams,* with him *Gilbert D. Levine,* and *Levine & Lyon,* for appellant.

*Robert M. White, II,* for appellees.

OPINION BY WRIGHT, J., January 21, 1958:

On June 2, 1953, Michael LaRosa's wife, Teresa, died seized of certain premises, containing approxi-

-mately two acres, in Union Township, Lawrence County, leaving a last will and testament which provided, inter alia, as follows: "All the residue and remainder of my estate, I give, devise and bequeath to my daughter, Pauline LaRosa, absolutely and in fee simple. Reserving, however, the use of our home to my husband, Michael LaRosa, for and during his natural life, or so long as he shall have need of the same". Margaret McVicker is Teresa's daughter and holds a power of attorney from Pauline. After his wife's death, Michael lived in the home with a son until the son died. Thereafter, the McVickers moved into the home under an oral agreement with Michael by virtue of which they were to pay him $40.00 a month rent and also furnish his meals. Trouble developed when the McVickers failed to pay the rent, and they left the home in July, 1955. In August, 1955, Michael rented the home to David W. Miles, and took a trip to Italy. Upon his return, after two months, he found that the McVickers had dispossessed Miles and taken over the premises themselves. They refused to admit Michael, whereupon he filed a complaint in ejectment, together with a claim for mesne profits and damages. The case came on for trial and, after hearing the testimony of Michael and his witnesses, the trial judge granted the McVickers' motion for a compulsory nonsuit.[1] Michael's motion

---

[1] "The Court: I am not in any way indicating your client is acting right. I am questioning the manner in which you have proceeded to enforce that right, being an action in ejectment, and I am not satisfied that the title within, or as you claim, so-called title within Mr. LaRosa is sufficient to comply with the proof needed to enforce the action that you have relied upon. He must rely upon the strength of his own title and it appears to the Court at this moment, as to the balancing of the title, the greater or the paramount title lies in the defendants or their assigns, or howsoever they come into possession there. As for his right to the use

to take off the nonsuit was subsequently overruled, and in effect judgment was entered for the McVickers. This appeal followed.

Ejectment is a possessory action, *Shannon v. Reed,* 355 Pa. 628, 50 A. 2d 278, and lies to regain the possession of real property, with damages for its unlawful detention: *Dice v. Reese,* 342 Pa. 379, 21 A. 2d 89. It can succeed only if the plaintiff is out of possession and has a present right to immediate possession: *Brennan v. Shore Bros.,* 380 Pa. 283, 110 A. 2d 401. The remedy is available to the tenant of a life estate: *Heyer v. Kranch,* 52 Pa. Superior Ct. 635. Appellant's position is that Teresa devised to him a life estate in the home. Appellees contend that Teresa devised a fee simple estate to Pauline, and that Michael's interest in the home was merely a personal privilege, which was "surrendered" by his establishment of a residence elsewhere.

The pole star in the construction of any will is the intention of the testator: *Britt Estate,* 369 Pa. 450, 87 A. 2d 243. Where one part of a will devises an estate of inheritance in land, but a subsequent part unequivocally indicates an intent that the devisee take only a lesser estate, the prior devise is restricted accordingly: *Field's Estate,* 266 Pa. 474, 109 A. 677. In other words, if the language used in the first instance is suitable to the grant of a fee simple estate, but later language indicates a dominant intent to give only a lesser estate, the latter purpose will be upheld: *Stanton v. Guest,* 285 Pa. 460, 135 A. 529. See also *Byrne's Es-*

---

of the home it is vague and indefinite, would say extremely hard to determine. Have no idea what the testatrix had in mind by those words, and I am of the opinion at the present time ejectment is not the proper action at this time to exercise whatever right or privilege Mr. LaRosa has, and for that reason I am disposed to grant the motion for a non-suit".

*tate,* 320 Pa. 513, 181 A. 500; *Davenport v. Graham,*
343 Pa. 497, 23 A. 2d 482; *Wraught Estate,* 347 Pa.
165, 32 A. 2d 8; *Sarver Estate,* 353 Pa. 140, 44 A. 2d
580; *Burpee Estate,* 367 Pa. 329, 80 A. 2d 721. We
are clearly of the opinion that it was Teresa's inten-
tion to devise to Pauline a fee simple interest subject,
however, to a life estate in Michael. Teresa and Mi-
chael lived together in the home during their joint life-
time. In fact, they had at one time owned the prop-
erty as tenants by the entireties. The language used
by Teresa plainly shows an intent to provide for her
husband. He was given "the use of our home . . . for
and during his natural life". The presumption is that
expressions in a will are used in their ordinary and
normal significance: *Hogg's Estate,* 329 Pa. 163, 196
A. 503.

Precedents are of little value in the construction
of wills: *Dowd Estate,* 176 Pa. Superior Ct. 203, 107
A. 2d 387. It would therefore "scarcely be helpful to
analyze in detail cases in the books which involved a
question similar to that here presented, since the deci-
sions in all of them naturally depended upon their own
peculiar facts": *Baldesberger v. Baldesberger,* 378 Pa.
113, 105 A. 2d 713. However, we will briefly mention
an early leading case and also the most recent case.

In *Wusthoff v. Dracourt,* 3 Watts 240, the will of
one Magnier provided: "I give and devise to Henrietta
Miller . . . the house which I at present occupy . . . re-
serving, however, two of the rooms (chambres) of the
said house, for the use of and during the life of the wid-
ow, Mary Wusthoff". An action in ejectment was insti-
tuted by Mrs. Wusthoff and the lower court held that
the will created a mere privilege. However, the Supreme
Court said: "Then as to the interest of the widow under
the devise, it was the opinion of the court that the inter-
est she acquired was a personal privilege or easement

in the house—the use merely of the rooms for a home and shelter. On the face of the instrument one cannot fail to observe that the widow Wusthoff was the principal object of the testator's affections, if not of his bounty . . . The case at bar is not a legacy but a devise of a freehold during life, and the enjoyment does not depend upon either an express or implied condition that she shall continue to reside in the house".

In *Baldesberger v. Baldesberger,* supra, 378 Pa. 113, 105 A. 2d 713, principally relied upon by appellees, the majority was of the opinion that the will there in question did not devise a life estate but merely a privilege which could be and was abandoned. However, Mr. Chief Justice STERN, in distinguishing *Wusthoff v. Dracourt,* supra, 3 Watts 240, emphasized the use in Magnier's will of the words "during her life". In the will presently under consideration, Teresa employed almost identical language. Our study of the *Baldesberger* case leads us to believe that it fully supports our conclusion in the instant case.

The judgment of the court below is reversed with a procedendo.