## Hitchcock Trust

*Paul K. Hirsch, Hirsch, Weise & Tillman,* for accountant.

*Steven A. Stepanian 2d, Reed, Smith, Shaw & McClay* and *Armstead W. Sapp, Jr.,* for exceptant.

*Ralph D. McKee, Jr.,* and *Alter, Wright & Barron,* for trustees.

*Raymond D. Goehring, Jr.,* guardian and trustee ad litem.

RAHAUSER, J., April 18, 1969.—The audit of the first and partial account of the Pittsburgh National Bank, Trustee under a declaration of trust in the above estate of Sarah L. Hitchcock, came before the court for consideration.

One of the important questions raised by the petition for distribution concerns the 1/57th share of Jane D. Liggett who died September 27, 1966. Her will was duly probated in the Superior Court of the State of California, and ancillary letters were issued the 20th day of October 1967, in Allegheny County, 1967, 4621, to Paul Kern Hirsch. Paragraph Fourth of the will provides:

"To my daughter, Jane Ingram, I bequeath the following. My Diamond wrist watch, diamond earrings, diamond bracelet, Mink stole, white fox shrug and any of my other clothes which she may want. Also, I wish to make my daughter, Jane Ingram, Trustee of any and all income from any estate, which I may have coming to me, the money to be held in Trust for my grandchildren until each one is of legal age, the money to be divided equally between them".

The declaration of trust dated February 5, 1952, of which Jane D. Liggett was one of the settlors, on pages 3 and 4 provides:

"Upon the death of each Individual Settlor, the Trustee shall deliver, set over and convey the share of

the real estate set opposite his or her name in the foregoing paragraph, together with any rents thereon unpaid at the time of said Individual Settlor's death, to such persons and institutions as said deceased Individual Settlor, by his or her Last Will and Testament executed in accordance with the laws of the Commonwealth of Pennsylvania shall have designated or appointed. Failing such designation and appointment making complete disposition of his or her share of the real estate, it or the part thereof not so disposed of shall be applied and disposed of and/or held in further trust hereunder as follows:

"Upon the death of any of said Individual Settlors, the share of said rents which said Individual Settlor would have received or been entitled to by the terms hereof had he or she continued in life, shall go to and be payable to his or her surviving spouse for and during the life of the surviving spouse, and upon the death of the surviving spouse, or in the event no spouse survived the deceased Individual Settlor, the said share of said rents shall go to and be payable, in equal shares, to the children of the deceased Individual Settlor for and during their natural lives.

"And upon the death of any child or children of the Individual Settlor, the share to which such child or children would have been entitled to had he, she or they continued in life, shall go to and be payable, in equal shares, to the children of such deceased child and their heirs forever".

Jane D. Edwards Ingram testified at a special hearing in connection with the audit in the above estate. Her counsel has requested the court to make the following findings:

"1. Jane D. Liggett died on September 27, 1966 leaving a Last Will and Testament dated September 27, 1965, duly probated and of record in the Superior Court of the State of California at Los Angeles on

February 6, 1967, and the Public Administrator of Los Angeles County was appointed to administer her estate.

"2. Said Will was duly admitted to probate in the Office of the Register of Wills of Allegheny County, Pennsylvania on October 20, 1967 and Ancillary Letters of Administration Cum Testamento Annexo were granted to Paul Kern Hirsch at No. 4621 of 1967. Said Ancillary Administrator has duly qualified and is acting as such.

"3. At the time of her death Jane D. Liggett was not married and therefore had no surviving spouse.

"4. Jane D. Liggett had only one child, Jane D. Edwards, born November 12, 1928 in Danville, Virginia. Jane D. Edwards was married on August 31, 1948 to Homer E. Ingram and said marriage has not been terminated.

"5. Jane D. Edwards Ingram has three children: Dana Carol Ingram, born January 12, 1951 in Danville, Virginia; Lisa Kay Ingram, born May 25, 1958 in Greensboro, North Carolina; and, Angela Marie Ingram born August 30, 1962 in Greensboro, North Carolina.

"6. The Last Will and Testament of Jane D. Liggett does not exercise the power of designation and appointment granted by the Declaration of Trust dated February 5, 1952 (hereinafter referred to as the 'Trust'), except as to accrued income.

"7. The one fifty-seventh (1/57) share of rents which were previously payable to Jane D. Liggett pursuant to the Trust shall go to and be payable to Jane D. Edwards Ingram for and during the natural life of the said Jane D. Edwards Ingram.

"8. Upon the death of Jane D. Edwards Ingram prior to the termination of the Trust said one fifty-seventh (1/57) share of rents shall go to and be payable, in equal shares, to the children of Jane D. Edwards Ingram and their heirs forever.

"9. The net income in the amount of $405.46 payable to Jane D. Liggett pursuant to the Trust which had accrued prior to the date of death of Jane D. Liggett on September 27, 1966 is disposed of by the following portion of paragraph Fourth of the Last Will and Testament of Jane D. Liggett:

'Also, I wish to make my daughter, Jane Ingram, Trustee of any and all income from any estate, which I may have coming to me, the money to be held in Trust for my grandchildren until each one is of legal age, the money to be divided equally between them.'

"Said amount is to be held in trust by Jane D. Edwards Ingram and is to be distributed in equal shares to Dana Carol Ingram, Lisa Kay Ingram and Angela Marie Ingram as each one respectively attains the age of twenty-one years".

The auditing judge declines to make the findings numbered "6", "7" and "8", but makes the other findings as requested by counsel for Jane D. Edwards Ingram.

Under the provisions of the declaration of trust heretofore quoted, upon the death of Jane D. Liggett, one of the individual settlors, on September 27, 1966, the trustee had the duty of conveying the share of the real estate set opposite her name in the declaration of trust (1/57), together with any rents thereon unpaid at the time of her death, to such persons or institutions as she, by her last will and testament executed in accordance with the laws of Pennsylvania shall have designated or appointed. The declaration of trust further provided that if such designation and appointment in the will of the deceased individual settlor did not make complete disposition of her share of the real estate, it, or the part thereof not so disposed of should be held in further trust as thereinafter set forth in the declaration of trust. The declaration of trust then goes on to provide for the deceased individual's interest

in the trust which is not disposed of by his or her will in the language hereinbefore quoted. This leads us to the question: Does the will of Jane D. Liggett exercise the power of appointment given to her by the declaration of trust dated February 5, 1952?

Under paragraph fourth of her will, hereinbefore quoted, Jane D. Liggett appointed her daughter ". . . Trustee of *any and all income from any estate,* which I may have coming to me, the *money* to be held in Trust for my grandchildren until each one is of legal age, the *money* to be divided equally between them". (Italics supplied.)

It has been argued that the income referred to in the said paragraph FOURTH of the will of Jane D. Liggett means only the income (rents) accrued to the date of her death. This is suggested by the provisions of the Declaration of Trust dated February 5, 1952, which gave her a power of appointment over her 1/57th share of the real estate held under said declaration of trust together with any rents thereon unpaid at the time of her death. It appears that the rents were distributed four times a year and that the 1/57th interest of Jane D. Liggett entitled her to a quarterly payment not exceeding approximately $500. Accordingly, if the language of the fourth paragraph of her will is restricted to rents accrued to the date of her death, it would mean that Mrs. Liggett set up a trust for her three grandchildren in an amount not to exceed approximately $500. The auditing judge is of the opinion that this construction of paragraph FOURTH of the will of Jane D. Liggett is much too narrow.

The said paragraph FOURTH covers at least all income which would have been payable to Jane D. Liggett, but for her death, until each of her grandchildren is of age. To this extent, at least, Jane D. Liggett exercised the power of appointment granted to her by the declaration of trust dated February 5, 1952. We must

further decide whether or not Jane D. Liggett disposed of more than said income under paragraph FOURTH of her will.

The will of Jane D. Liggett indicates that it was written by a layman (probably by the testatrix herself) and therefore should be liberally construed: Ziegler Estate, 356 Pa. 93, Calder's Estate, 343 Pa. 30, Lippincott's Estate, 276 Pa. 283; Shaffer's Estate, 262 Pa. 15. There is nothing to indicate that she distinguished between the real estate held for her benefit under the declaration of trust dated February 5, 1952, and the income (rents) derived therefrom. The trust provisions disposing of Jane D. Liggett's interest if she fails to exercise her power of appointment by will provide for the payment of the *rents* which she would have received to her surviving spouse, or if she leaves no surviving spouse, then to her children. At the death of the child or children, the *share* to which such child or children would have been entitled if he, she or they had continued in life is *payable in equal shares* to the children of such deceased child and their heirs *forever*. There is no specific reference to any interest in *real estate* or in the principal of the trust in these provisions which become applicable if Jane D. Liggett did not exercise her power of appointment by her will. When we seat ourselves in the armchair of the testatrix and interpret paragraph FOURTH of her will in the light of the unusual language of the declaration of trust above referred to, we conclude than when testatrix referred to "all income from any estate which I may have coming to me" she meant to distribute her entire interest, both principal and income, in any estate in which she had an interest, and when she directed that the "money" was to be divided equally among her grandchildren she was referring to the principal and income from any estate which paid rents to her during her lifetime. The word "money" has been

held to mean property or wealth and to pass decedent's entire estate, including real estate; see Williamson's Estate, 302 Pa. 462, 464, and Ginter Estate, 20 D. & C. 2d 301, 308, modified in 398 Pa. 440. If the words "income" and "money", as used by testatrix in her will, are not given a broad interpretation, the provision for the trust in favor of her grandchildren would have little practical significance. Testatrix owned only a 1/57th interest in the real estate from which the income (rents) was derived and this income was distributed four times a year, so the income which would accrue in favor of the decedent would not exceed approximately $500. It is highly improbable that testatrix intended to set up a trust in the amount of $500 for her three grandchildren; she expressly referred to "*all income* from any estate which I may have coming to me" which was to be held in trust until each grandchild was of legal age when it was "to be divided equally between them".

Testatrix made no further directions as to the disposition of the income which she would have been entitled to if she had continued in life. This fitted into her testamentary scheme of using the terms "income" and "money" as descriptive of her entire interest under the declaration of trust dated February 5, 1952; when she directed that the "money" be equally divided among her grandchildren she had thereby fully disposed of all property subject to disposition by her will. Her intention, as expressed in her will, is that her grandchildren were to receive her interest in the estates from which she was receiving income during her lifetime; she interposed a trustee to receive such assets only because all of the grandchildren were minors. When the grandchildren became of legal age they were to receive all of what the testatrix was entitled to during her lifetime, free and clear of any trust.

In the opinion of the auditing judge, Jane D. Liggett

fully exercised the power of appointment given to her under the said declaration of trust by the provisions of paragraph FOURTH of her will. Under the said provisions, Jane D. Liggett gave her entire 1/57th interest under said declaration of trust to her daughter, Jane Ingram, as trustee for the three grandchildren of the testatrix.

A decree will be entered in accordance with this opinion.