SWOPE, P. J.,
— We have before us the preliminary objections of defendant, Capitol Commercial Corporation (hereinafter referred to as the “re-developer” ), to the complaint in ejectment of plaintiff, Redevelopment Authority of the City of Harrisburg (hereinafter referred to as the “authority”). This action concerns the right to possession of a certain tract of land located in the Seventh Ward of the City of Harrisburg within the authority’s redevelopment project A-l, designated as commercial tract no. 3. The use of this tract by the redeveloper was the subject of an earlier proceeding in equity which is still pending in this court wherein the authority sought permanent injunctive relief against the redeveloper in the form of an order directing the redeveloper to cause an end to the continued use of the land in question by the Commonwealth of Pennsylvania for the purpose of surface parking of motor vehicles thereon pursuant to a certain lease renewal agreement entered into between the Commonwealth and the redeveloper without the express written consent of the authority, which written consent is nevertheless specifically provided for and required by the terms of the redevelopment contract which continues effective between the authority and the redeveloper and into which they had entered pursuant to the provisions of the Pennsylvania Urban Redevelopment Law, being the Act of May 24, 1945, *546 P. L. 991, 35 PS §1701, et seq., and its amendments and supplements.
The preliminary objections take the form of:
1. A general demurrer.
2. An objection to the effect that plaintiff failed to set forth a proper abstract of title upon which it relies as required by the Pennsylvania Rules of Civil Procedure.
3. An objection to the effect that plaintiff failed to attach to its complaint or to include the material parts of or to refer to the writing or writings upon which its claim is based.
4. The defense of lis pendens.
We are satisfied that none of the above objections, with one exception, are possessed of merit. That one exception concerns the demurrer, which, while not pursued by defendant generally in its brief, was nevertheless therein refined and reshaped into a new preliminary objection alleging the failure on the part of plaintiff to join an indispensable party, that party being the Commonwealth of Pennsylvania.
From the instruments made a part of the complaint by specific reference, and which are clearly contradictory to the general averment contained in paragraph 6 of the complaint to the effect that the re-developer is the party in possession of the premises in question, it appears beyond question that it is rather the Commonwealth, under color of lease, which stands in the garb of tenant in possession of the tract.
While we agree that this question regarding the failure to join an indispensable party has been raised in rather informal fashion, we note that the authority, in its brief, recognized the right of defendant to raise such an issue at any time, (Pa. R.C.P. 1032(1)), and that it thereafter went on to respond to the question. In like fashion, we will consider the matter.
*547 In this regard, we note that ejectment is a possessory action. It will not lie except upon complaint of one who, though out of possession of the land, nevertheless is endowed with the immediate right to possession: La Rosa v. McVicker, 185 Pa. Superior Ct. 95 (1958). Nor will it lie except against the person in possession when the action is begun. See Bannard v. New York State Natural Gas Corp., 404 Pa. 269 (1961). In that case, plaintiffs instituted an action in ejectment to obtain possession of certain land in Clearfield County which the gas corporation was occupying as lessee of the Pennsylvania Game Commission. The gas corporation argued that the action could not be maintained against a lessee of the Commonwealth. The Supreme Court disagreed, holding that the gas corporation, as a lessee, was an indispensable or necessary party to the ejectment action. The Supreme Court stated, at pages 274-75, as follows:
“In the absence of a change in the common law by statute, the only necessary or indispensable party to an ejectment action is the person in actual possession of the land and, where such land is under lease, it is the tenant, not the landlord, who constitutes the only necessary or indispensable party. 28 C.J.S., Ejectment, §52, p. 903. In Losee v. McFarland, 86 Pa. 33, this Court pertinently stated (p. 34): ‘Ejectment is a possessory action; hence, the writ is served upon the one found in possession, rather than upon the one who may chance to have title. If the one in possession happens to be a tenant, his landlord may intervene and defend; if he does not choose so to do, and judgment be obtained against the tenant, the landlord cannot then intervene to prevent the plaintiff in the ejectment from taking possession. The possession of the tenant is the possession of the landlord; therefore the ejectment, whilst it may have no effect in deter *548 mining the question of title as between the plaintiff and the lessor, does determine the right of possession . . .’” (Italics supplied.)
The fact that the Commonwealth is in possession of the tract rather than the named defendant is clear from an examination of the authority’s own documents. It appears that the authority’s claim is based upon the declaration terminating and revesting title. That declaration, in its ninth “Whereas” paragraph, states that Capitol Commercial “entered into an additional transfer by lease (dated May 28, 1969) to the Commonwealth of Pennsylvania of the [tract] . . .”
We have previously noted that the authority generally alleges that Capitol Commercial is in possession. In light of the above contradiction, clearly demonstrated in the documents offered in support of plaintiff ’s complaint, which are to be taken as a part thereof, such general allegation must fall.
The authority, acknowledging that the action of ejectment is possessory in nature and that a tenant in possession is an indispensable party to such an action, nevertheless seeks to distinguish the Bannard case and to move beyond the purview of the general rule on the theory that in the case at hand the lease between the Commonwealth and the redeveloper was unauthorized by the terms of the agreement between the redeveloper and itself and, therefore, the Commonwealth must be treated as a mere trespasser on the tract in question. The theory is imaginative, but we are loathe to rely upon it. The fact remains that there is a lease in existence which purports to put the Commonwealth in possession of the tract as lessee and that it was given as lessor by the one who held title to the land at the time it was entered into, that one being the redeveloper. We fail to see how any rights as between the authority and the redeveloper which may have arisen as a result of the giving of the lease can be considered as destroying the character of *549 the Commonwealth’s posture on the land, or even as altering it to anything other than that of a lessee or tenant in possession.
Secondly, the authority contends, in light of the proposition set forth also in the Bannard case, supra, and relied upon as late as Meagher v. Commonwealth, 439 Pa. 532 (1970), that since the Commonwealth may not be sued except it consents thereto and, further, that since no suit against the Commonwealth in ejectment is presently anywhere authorized, therefore, if this action is not permitted to go forward against the redeveloper alone, the authority may find itself without any party against whom to press its suit.
While we recognize plaintiff’s dilemma, we are aware of no authority, nor has any been furnished us, to require us to recognize its right to proceed vicariously against a secondary defendant in the absence upon the record of a principal, necessary and indispensable party.
We note, finally, that Pennsylvania Rule of Civil Procedure 1032, to which previous reference has been had, provides further in subsection (2) thereof:
“that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action.” (Italics supplied.)
We conclude, therefore, that the authority’s failure to join the Commonwealth as a party defendant requires that defendant’s objection in this regard be sustained and that the present action be dismissed.
Accordingly, we make the following
ORDER
Now, June 4, 1971, the within action is dismissed. The prothonotary is directed to notify the parties to the action or their counsel of this order forthwith.